■ In the Matter of the Estate of JOSEPH SEVIROLI, Deceased. FRANCES KASZUBA, Respondent; MARIA BEAU et al., Respondents; MARIA SEVIROLI, Appellant. [844 NYS2d 115]—

In a proceeding pursuant to SCPA 1421 to determine the validity and effect of a right of election under EPTL 5-1.1-A asserted by Maria Seviroli, who is the decedent's surviving spouse, Maria Seviroli appeals from so much of an order of the Surrogate's Court, Nassau County (Riordan, S.), dated September 30, 2005, as (1) granted that branch of the petitioner's motion which was for partial summary judgment on her cause of action to invalidate the right of election to the extent of determining that a prenuptial agreement dated October 3, 2000 had been acknowledged by Maria Seviroli and had been proven, and (2) denied that branch of her cross motion which was for summary judgment dismissing the petition on the grounds, inter alia, that the prenuptial agreement was void for want of due acknowledgment.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Estates, Powers and Trusts Law § 5-1.1-A (e) (2) provides that a waiver or release of a surviving spouse's right to an elective share of the estate of the deceased spouse "must be in writing and subscribed by the maker thereof, and acknowledged or proved in the manner required by the laws of this state for the recording of a conveyance of real property." "A certificate of acknowledgment attached to an instrument such as a deed raises a presumption of due execution, which presumption, in a case such as this, can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed" (*Son Fong Lum v Antonelli,* 102 AD2d 258, 260-261 [1984], *affd* 64 NY2d 1158 [1985]; *see Paciello v Graffeo,* 32 AD3d 461, 462 [2006]).

Under the circumstances of this case, we agree with the Surrogate's determination that the prenuptial agreement, which contained a waiver of right of election, was validly executed and acknowledged in substantial compliance with the statutory requisites of EPTL 5-1.1-A (e) (2).

The appellant's remaining contention is without merit. Prudenti, P.J., Schmidt, Krausman and Balkin, JJ., concur.