In the Matter of the Estate of NICHOLAS R. DOMAN, Deceased. Paul Green, Appellant; Alexander Doman et al., Respondents. (And a Related Proceeding.) [871 NYS2d 642]—

In a proceeding to determine the validity and effect of an election pursuant to EPTL 5-1.1-A asserted by Judith N. Doman against the estate of Nicholas R. Doman, the petitioner, as preliminary executor of the estate of Judith N. Doman, the postdeceased wife of Nicholas R. Doman, appeals, as limited by his brief, (1) from so much of an order of the Surrogate's Court, Suffolk County (Czygier, S.), entered June 26, 2007, as granted the respondents' motion for partial summary judgment dismissing, as time-barred, the petitioner's claims asserting that the waiver of Judith N. Doman's right of election was the product of fraud, coercion, and misrepresentation, and (2) from so much of an order of the same court entered January 18, 2008 as granted the respondents' motion for summary judgment dismissing the petitioner's claim asserting that the waiver was improperly acknowledged and, upon renewal, adhered to its

original determination in the order entered June 26, 2007 denying that branch of his cross motion which was for summary judgment determining that the waiver was invalid.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs payable by the estate of Judith N. Doman.

The decedent Nicholas R. Doman (hereinafter Nicholas) and his postdeceased second wife Judith N. Doman (hereinafter Judith) entered into a postnuptial agreement (hereinafter the agreement) dated November 23, 1998. The agreement provided, inter alia, that the parties waived their rights in each other's estates in order to separately provide for their respective children from prior marriages, and Judith received certain assets in exchange for executing the waiver. After Nicholas' death on January 25, 2004, Judith filed a notice of election against the estate on April 28, 2004. On May 4, 2006 Judith commenced this proceeding to judicially determine the validity and effect of her right to take an elective share. The following day, Judith died.

The respondents, coexecutors of Nicholas' estate, moved for partial summary judgment dismissing, as time-barred, the petitioner's claims, asserted in reply to the objections filed to the petition, that Judith's waiver of her right of election was invalid because the agreement was the product of fraud, coercion, and misrepresentation. The petitioner, the executor of Judith's estate, opposed the motion for partial summary judgment and cross-moved, inter alia, for summary judgment determining that Judith's election was valid because the agreement was void for lack of a proper acknowledgment. In the first order appealed from, the Surrogate's Court, among other things, granted the respondents' motion and denied the petitioner's cross motion. After further discovery, the respondents moved for summary judgment dismissing the petition based on Judith's validly executed waiver of her elective share in the agreement, and the petitioner moved for leave to renew his cross motion for summary judgment. In the second order appealed from, the Surrogate's Court granted the respondents' motion and, upon renewal, adhered to its original determination denying the petitioner's cross motion.

Contrary to the petitioner's contention, the Surrogate properly found that the statute of limitations could be raised as a defense to the claims that Judith's waiver of her right to an elective share was the product of fraud and misrepresentation (*see Bloomfield v Bloomfield*, 97 NY2d 188, 192-193 [2001]; *cf. DeMille v DeMille*, 5 AD3d 428, 429 [2004]). The court also correctly determined that such claims, as well as the claim of coer-

cion (*see Pacchiana v Pacchiana*, 94 AD2d 721 [1983]), were time-barred (*see* CPLR 213 [1], [8]; *DeMille v DeMille*, 5 AD3d at 429).

The respondents also established, prima facie, their entitlement to judgment as a matter of law dismissing the petition. The decedent's wife, Judith, waived her right to an elective share in a validly-executed postnuptial agreement which was acknowledged in substantial compliance with the statutory requirements of EPTL 5-1.1-A (e) (2) (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Matter of Seviroli*, 44 AD3d 962 [2007]). In opposition, the petitioner failed to raise a triable issue of fact (*see Matter of Seviroli*, 44 AD3d 962 [2007]).

The petitioner's remaining contentions are either not properly before this Court or without merit. Rivera, J.P., Dillon, Covello and McCarthy, JJ., concur.