■ In the Matter of the Estate of JOSEPH MENAHEM, Deceased. DORETTE DAYAN, Respondent; CHAIM SCHWARTZ et al., Appellant. [880 NYS2d 500]—In a proceeding pursuant to SCPA 1001 to obtain letters of administration for the estate of Joseph Menahem, the cross petitioner and objectant appeal from a decree of the Surrogate's Court, Kings County (Lopez Torres, S.), dated December 12, 2007, which, after a hearing, and upon an order of the same court dated August 13, 2007, denying the cross petition and determining that a prenuptial agreement between the decedent and the objectant was valid, decreed that letters of administration be issued to the petitioner.

Ordered that the decree is affirmed, with costs payable by the cross petitioner and objectant personally.

Estates, Powers and Trusts Law § 5-1.1-A (e) (2) provides

that a waiver or release of a surviving spouse's right to an elective share of the estate of the deceased spouse "must be in writing . . . subscribed by [its] maker . . . , and acknowledged or proved in the manner required for the recording of a conveyance of real property" (*see Matter of Seviroli,* 44 AD3d 962 [2007]; *Matter of Henken,* 150 AD2d 447 [1989]). A certificate of acknowledgment attached to an instrument raises a presumption of due execution which can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed (*see Matter of Seviroli,* 44 AD3d at 962).

Under the circumstances of this case, we agree with the Surrogate's determination that the prenuptial agreement, which contained a waiver of the right of election, was validly executed and acknowledged by the surviving spouse in substantial compliance with the statutory requisites of EPTL 5-1.1-A (e) (2) (*see Matter of Doman,* 58 AD3d 625 [2009]; *Matter of Seviroli,* 44 AD3d at 962).

Moreover, the record indicates that the surviving spouse possessed the mental capacity to execute the prenuptial agreement (*see Weissman v Weissman,* 42 AD3d 448, 450 [2007]; *Lukaszuk v Lukaszuk,* 304 AD2d 625 [2003]).

The parties' remaining contentions are without merit. Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.