■ IRENE PAPOVITCH, Appellant, v JOHN PAPOVITCH, Respondent. [923 NYS2d 209]—

In an action, inter alia, to impose a constructive trust on certain real property, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Bellantoni, J.), dated October 14, 2009, as, upon a decision of the same court entered August 31, 2009, made after a nonjury trial, failed to direct the defendant to reconvey the subject real property to her.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff conveyed her house in Elmsford, Westchester County, to the defendant, her son, and to Linda Mikolay, her daughter. According to the plaintiff and Mikolay, the conveyance was made on the conditions that the defendant and Mikolay permit the plaintiff to reside in the house for as long as she lives, and that they reconvey the house to her if she so demanded. The defendant acknowledges that the conveyance of the house was made with the understanding that he and Mikolay would permit the plaintiff to continue to live in the house. However, he denied that the conveyance was also conditioned upon an agreement to reconvey the property to the plaintiff upon her demand. Mikolay eventually conveyed her interest in the house to the defendant. The defendant and his family then moved into the house when the plaintiff was hospitalized with a serious illness. Thereafter, the defendant did not permit the plaintiff to return to the house. The plaintiff commenced this action, inter alia, to impose a constructive trust on the subject property. Following a nonjury trial, judgment was rendered in favor of the plaintiff, inter alia, imposing a constructive trust on the subject property, directing the defendant to renovate the house to enable the plaintiff to live there and permitting her to live there for the rest of her life or, in the alternative, directing the defendant to pay the plaintiff the sum of $100,000. The plaintiff appeals, asserting, among other things, that the Supreme Court should have directed the defendant to reconvey the subject property to her. We affirm the judgment insofar as appealed from.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and the Appellate Division may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (*Parr v Ronkonkoma Realty Venture I, LLC*, 65 AD3d 1199, 1201 [2009]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). "Where the findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (*Praimnath v Torres*, 59 AD3d 419, 419-420 [2009] [internal quotations marks and citation omitted]; *see Kun v Fulop*, 71 AD3d 832, 833 [2010]).

Here, the Supreme Court found that the plaintiff's and Mikolay's testimony that, as a condition of the conveyance, the defendant and Mikolay agreed to reconvey the subject property to the plaintiff at any time if she so demanded, was not credible. We see no reason to disturb the Supreme Court's determination (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d at 499; *see also Golding v Gottesman*, 41 AD3d 430, 430-431 [2007]; *Terry v State of New York*, 39 AD3d 846 [2007]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.