■ MARGARET GOMEZ, Appellant, v ELENI, LLC, et al., Respondents. [997 NYS2d 458]—

In an action to impose a constructive trust on certain real property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated October 18, 2012, which, after a nonjury trial, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff and her late husband owned commercial premises in which they operated a family business. The complaint alleged that, in an effort to save the premises from foreclosure, the plaintiff and a close friend, James Loucopoulos, entered into an agreement whereby Loucopoulos agreed to satisfy the existing mortgage and acquire title in the name of his company, the defendant Eleni, LLC (hereinafter Eleni), and

hold title for the benefit of the plaintiff for 10 years, during which time Eleni would lease the premises and receive rental income which it would retain in consideration for satisfying the mortgage. The complaint further alleged that Loucopoulos promised to transfer title to the premises back to the plaintiff at the end of 10 years, for no further consideration. In reliance upon the alleged agreement and promise, the plaintiff transferred the premises to Eleni. At the end of the 10-year period, Eleni allegedly refused to transfer title back to the plaintiff, and the plaintiff sought to impose a constructive trust upon the premises. After a nonjury trial, the Supreme Court dismissed the complaint.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and the Appellate Division may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (*Parr v Ronkonkoma Realty Venture I, LLC*, 65 AD3d 1199, 1201 [2009]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). " 'Where the findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations' " (*Papovitch v Papovitch*, 84 AD3d 1045, 1046 [2011], quoting *Praimnath v Torres*, 59 AD3d 419, 419-420 [2009]).

The elements of a cause of action to impose a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Dee v Rakower*, 112 AD3d 204, 212 [2013]). These factors are not to be rigidly applied, and a constructive trust "will be erected whenever necessary to satisfy the demands of justice" (*Latham v Father Divine*, 299 NY 22, 27 [1949]; *see Simonds v Simonds*, 45 NY2d 233, 241 [1978]; *Matter of Harold*, 112 AD3d 929, 931 [2013]; *Quadrozzi v Estate of Quadrozzi*, 99 AD3d 688, 691 [2012]).

Here, the Supreme Court determined that the plaintiff failed to establish that Loucopoulos promised to reconvey the premises to the plaintiff after 10 years, or that Eleni would be unjustly enriched by retention of the premises. Based on those determinations, the Supreme Court concluded that the plaintiff failed to prove that a constructive trust should be imposed for her benefit on the subject premises. In light of the evidence presented at trial, and giving the Supreme Court's credibility determinations due deference (*see DSM, Inc. v Paul Reiser*

*Excavating, Inc.*, 112 AD3d 576 [2013]; *Papovitch v Papovitch*, 84 AD3d 1045 [2011]; *Smith v Kuhn*, 221 AD2d 620 [1995]), we find no basis to disturb the Supreme Court's determinations, and no basis to disturb the dismissal of the complaint. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.