■ In the Matter of Louis A. Duplessis, Deceased. Eleanor P. Alu, as Executor of Louis Duplessis, Deceased, Appellant; Jennie Duplessis, Respondent. [1 NYS3d 128]—

In a probate proceeding, in which Jennie Duplessis, the wife of the decedent, Louis A. Duplessis, petitioned pursuant to EPTL 5-3.1 to compel the executor of the decedent's estate to set apart and turn over exempt property to her, and in which the executor separately petitioned pursuant to SCPA 1421 to determine the validity and effect of an election pursuant to EPTL 5-1.1-A asserted by Jennie Duplessis against the estate, the executor appeals from (1) a decree of the Surrogate's Court, Suffolk County (Czygier, S.), dated February 3, 2014, which, upon a decision of the same court dated December 23, 2013, made after a nonjury trial, granted the petition pursuant to EPTL 5-3.1 by Jennie Duplessis to compel the executor to set apart and turn over exempt property to her, and (2) a decree of the same court, also dated February 3, 2014, which, upon the decision dated December 23, 2013, declared that the election was valid.

Ordered that the decrees are affirmed, with costs payable by the estate.

Jennie Duplessis (hereinafter Jennie) married the decedent in 1963. In 1987, Jennie left the marital home, and she lived separately from the decedent until the decedent's death in 2010. After the decedent's will was admitted to probate, Jennie petitioned pursuant to EPTL 5-3.1 to compel the executor of the decedent's estate (hereinafter the executor) to set apart and turn over exempt property to her, and filed a notice of her right to an elective share of the estate pursuant to EPTL 5-1.1-A. The executor separately petitioned pursuant to SCPA 1421 to determine the validity and effect of Jennie's election pursuant to EPTL 5-1.1-A. In connection with both petitions, the executor contended that Jennie had abandoned the decedent pursuant to EPTL 5-1.2 (a) (5), meaning that she was not a surviving spouse within the meaning of EPTL 5-3.1 or 5-1.1-A. After a nonjury trial, the Surrogate's Court determined that the executor failed to establish that Jennie abandoned the decedent within the meaning of EPTL 5-1.2 (a) (5).

"In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing and hearing the witnesses" (*Matter of*

*Marsh,* 106 AD3d 1009, 1011 [2013]; *see also Northern West-chester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]). "[T]o challenge a spouse's right of election on [the ground of abandonment], more must be shown than a mere departure from the marital abode and a consequent living separate and apart. . . . [T]he law has long required that one who seeks to impose such a forfeiture must, in addition, establish, as in an action for separation, that the abandonment was unjustified and without the consent of the other spouse" (*Matter of Riefberg,* 58 NY2d 134, 138 [1983] [citations omitted]). Here, the executor failed to establish at trial that the separation was without the consent of the decedent (*see Matter of Maiden,* 284 NY 429, 432-433 [1940]; *Matter of Morris,* 69 AD3d 635, 636 [2010]). Accordingly, the Surrogate's Court properly granted Jennie's petition pursuant to EPTL 5-3.1 to compel the executor to set apart and turn over exempt property to her, and properly declared that Jennie's election pursuant to EPTL 5-1.1-A was valid.

The executor's remaining contentions either are without merit or not properly before this Court. Rivera, J.P., Roman, Duffy and Barros, JJ., concur.