■ Fire Island Real Estate, Inc., Appellant, v Coldwell Banker Residential Brokerage et al., Respondents. [15 NYS3d 159]—

In an action, inter alia, to recover a real estate broker's commission, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Tarantino, Jr., J.), entered May 15, 2013, which, upon a decision of the same court entered April 15, 2013, made after a nonjury trial, is in favor of the defendants and against it, dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

"In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony" (*Palombo Group v Poughkeepsie City Sch. Dist.*, 125 AD3d 620, 621 [2015] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). " 'Where [the trial court's] findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations' " (*Gomez v Eleni, LLC*, 122 AD3d 797, 798 [2014], quoting *Papovitch v Papovitch*, 84 AD3d 1045, 1046 [2011]).

The Supreme Court properly determined that the plaintiff was not entitled to recover a real estate broker's commission

that was paid to the defendants as a result of a sale. " 'In order to recover a real estate brokerage commission, [a] broker must establish: (1) that he or she is duly licensed, (2) that he or she had a contract, express or implied, with the party to be charged with paying the commission, and (3) that he or she was the procuring cause of the sale' " (*Cusumano Assoc., Inc. v Politoski*, 118 AD3d 936, 937 [2014], quoting *Poznanski v Wang*, 84 AD3d 1048, 1049 [2011]). Here, the plaintiff failed to establish by a preponderance of the evidence that it was the procuring cause of the sale (*see Greene v Hellman*, 51 NY2d 197, 205-207 [1980]; *Sibbald v Bethlehem Iron Co.*, 83 NY 378, 382 [1881]).

The Supreme Court also properly dismissed the causes of action to recover damages for tortious interference with contract, tortious interference with a business relationship, and unjust enrichment. "Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). "To make out a claim [of] tortious interference with business relationships, a plaintiff must show that the defendant interfered with the plaintiff's business relationships either with the sole purpose of harming the plaintiff or by means that were unlawful or improper" (*Qosina Corp. v C & N Packaging, Inc.*, 96 AD3d 1032, 1034 [2012] [internal quotation marks omitted]). "The basis of a claim for unjust enrichment is that the defendant has obtained a benefit which in equity and good conscience should be paid to the plaintiff" (*Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 790 [2012] [internal quotation marks omitted]). Here, the plaintiff failed to establish that there was a valid contract between the plaintiff and a third party, that the defendants acted with malice or by means that were unlawful or improper, or that equity and good conscience required the broker's commission to be paid to the plaintiff. Rivera, J.P., Dickerson, Hinds-Radix and Barros, JJ., concur.