■ In the Matter of LESLIE BERNARD TENZER, Also Known as LESLIE B. TENZER, Deceased. CLAUDINE BULBIN, Respondent; LENORE DOWIS, Appellant. [43 NYS3d 62]—

In a proceeding for the administration of the estate of Leslie Bernard Tenzer, also known as Leslie B. Tenzer, in which Claudine Bulbin petitioned pursuant to SCPA 2103 for the turnover of certain property allegedly withheld from the estate, Lenore Dowis appeals from a decree of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), dated July 8, 2015, which, upon a decision of the same court dated May 6, 2015, made after a hearing, directed her to transfer to the estate the deed to the subject real property and the sum of $5,000.

Ordered that the decree is affirmed, with costs.

On January 14, 2013, Leslie Bernard Tenzer, also known as Leslie B. Tenzer (hereinafter the decedent), died intestate at the home of Lenore Dowis. In the days immediately preceding his death, the decedent purportedly executed various documents which, inter alia, transferred money and real property to Dowis. The petitioner, the decedent's daughter and the administrator of his estate, commenced this proceeding to invalidate the transfers to Dowis, alleging that the decedent lacked the physical and mental capacity to execute the subject documents, and that the signatures on the documents were forgeries.

The Surrogate's Court, after a hearing, found that the petitioner had proven by clear and convincing evidence that the decedent's signature on a lease, check, and deed were forgeries. The court issued a decree which directed Dowis to deliver to the petitioner, in her capacity as the administrator of the decedent's estate, a deed to the subject real property and the sum of $5,000, within ten days of service of the decree. Dowis appeals.

"In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing and hearing the witnesses" (*Matter of Duplessis*, 123 AD3d 927, 927 [2014] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). "Where the findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (*Papovitch v Papovitch*, 84 AD3d 1045, 1046 [2011] [internal quotation marks omitted]; *see Matter of Pellegrino*, 30 AD3d 522 [2006]).

Here, the determination of the Surrogate's Court that the

purported signatures of the decedent contained on the subject documents were indeed forgeries is supported by the weight of the evidence. The court credited the testimony of the petitioner's expert, a document examiner and handwriting expert, who opined that the questioned signatures of the decedent on the documents were not genuine. This assessment of credibility by the court, which had the opportunity to see and hear the witnesses and assess their demeanor, is entitled to great deference (*see Papovitch v Papovitch*, 84 AD3d at 1046).

Dowis's remaining contentions are without merit.

Accordingly, the Surrogate's Court properly directed Dowis to transfer to the petitioner, in her capacity as the administrator of the decedent's estate, the deed to the subject property and the sum of $5,000. Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.