■ In the Matter of the Estate of MAURICE J. BORDELL, Deceased. MICHAEL BORDELL, as Executor of the Estate of MAURICE J. BORDELL, Deceased, Respondent; JENNIFER M. BASIC, as Guardian ad Litem of DENISE H. BORDELL, Appellant, and M. KATHLEEN LYNN, as Guardian ad Litem of KALEB STEPHENSON et al., Respondent, et al., Respondents. [55 NYS3d 762]——

Mulvey, J. Appeal from an order of the Surrogate's Court of Madison County (McDermott, S.), entered September 2, 2015, which, in a proceeding pursuant to SCPA article 14, among other things, denied respondent Jennifer M. Basic's motion for summary judgment dismissing the petition.

Denise H. Bordell (hereinafter the wife) had been married to Maurice J. Bordell (hereinafter decedent) for over 40 years at the time of his death on January 11, 2014. They lived separately for much of that time and had no children together. The wife is decedent's sole distributee. Following his death, Surrogate's Court admitted decedent's will to probate and issued letters testamentary. The will left the bulk of decedent's property to the Maurice J. Bordell Revocable Trust. Decedent's paramour and her three minor children are the trust's primary beneficiaries. Surrogate's Court appointed respondent M. Kathleen Lynn as the guardian ad litem for the minor children and respondent Jennifer M. Basic as the guardian ad litem for the wife.[1] Basic filed a notice of election on the wife's behalf seeking her

---

1. On April 2, 2014, Surrogate's Court, sua sponte, appointed Basic as guardian ad litem for the wife. The order appointing Basic is not part of the record.

elective share of decedent's estate.[2] Petitioner, as executor of decedent's estate, then commenced this proceeding to determine the validity of the wife's notice of election (*see* SCPA 1421). Petitioner claims that an instrument, signed by the wife on May 31, 2012, constitutes a waiver of any and all of the wife's rights in decedent's estate. Prior to conducting discovery, Basic moved for summary judgment requesting that the waiver be deemed invalid and the wife's right of election valid. Lynn opposed Basic's motion and cross-moved for summary judgment seeking to declare the wife's election to be invalid. Petitioner also opposed Basic's motion. Surrogate's Court denied Basic's motion, but did not rule on Lynn's motion.[3] Basic appeals.

We affirm. A moving party is entitled to summary judgment where there are no triable issues of fact and the movant makes a prima facie showing that it is entitled to a favorable determination as a matter of law (*see* CPLR 3212 [b]; *William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). "Only when the movant satisfies its obligation does the burden shift to the nonmovant to present evidence demonstrating the existence of a triable issue of fact" (*Lacasse v Sorbello*, 121 AD3d 1241, 1241-1242 [2014] [citations omitted]). We find that Basic did not establish that the waiver was invalid as a matter of law.

To be effective, a waiver of a spouse's right to elect against another's estate "must be in writing and subscribed by the maker thereof, and acknowledged or proved in the manner required by the laws of this state for the recording of a conveyance of real property" (EPTL 5-1.1-A [e] [2]; *see Matter of Menahem*, 63 AD3d 839, 839-840 [2009]; *Matter of Seviroli*, 44 AD3d 962, 962 [2007]). It is undisputed that the wife signed the waiver in her attorney's office and that her signature was properly acknowledged by the attorney's assistant, a notary public. "[T]he certificate of a notary public, over his [or her] signature, shall be received as presumptive evidence of the facts contained in such certificate" (Executive Law § 137). The waiver contains a certificate in the form of an acknowledgment and the notary signed the acknowledgment and included her

---

2. The record includes two notices of election. The first was filed by Basic on July 3, 2014, without prior court authorization (*see* EPTL 5-1.1-A [c] [3] [D]). The second was filed by Basic on February 19, 2015, after an order was entered on February 9, 2015, authorizing the filing of the notice of election (*see* EPTL 5-1.1-A [c] [3] [D]).

3. We note that the failure to decide Lynn's motion amounts to a denial (*see Dickson v Slezak*, 73 AD3d 1249, 1251 [2010]). Lynn has not cross-appealed from the order.

stamp, which contained all the required information regarding the notary's qualifications (see Executive Law § 137).

First, Basic contends that the waiver is invalid under EPTL 5-1.1-A because the written instrument that the wife signed referred to EPTL 5-1.1, which only applies to a person dying prior to September 1, 1992. The fact that the waiver refers to the wrong section of the Estates, Powers and Trusts Law does not affect its validity. There is nothing in EPTL 5-1.1-A (e) (2) that requires any particular form, wording or reference to a particular provision of the statute in order to make the waiver effective. There is no basis to conclude that the wife was aware of the distinction between EPTL 5-1.1 and EPTL 5-1.1-A. We agree with Surrogate's Court that it would be illogical to conclude that she intended to waive rights that did not exist. A fair reading of the waiver leads us to the conclusion that the wife intended to renounce any interest in decedent's estate, and that there was "substantial compliance with the statutory requisites of EPTL 5-1.1-A (e) (2)" (Matter of Menahem, 63 AD3d at 840; see Matter of Seviroli, 44 AD3d at 962).

Next, Basic asserts that the wife's purported waiver is invalid because it contained a false statement regarding the wife's consultation with her attorney prior to executing the waiver, and that, prior to signing the waiver, she was not provided with any information regarding the nature or extent of decedent's assets in order to make an informed decision. We find these contentions insufficient to invalidate the waiver as a matter of law, as there is no requirement that the waiver be executed upon the advice of counsel or that a spouse be furnished with financial information. "[A] failure to disclose does not, standing alone, constitute fraud or overreaching sufficient to vitiate" the waiver (Hoffman v Hoffman, 100 AD2d 704, 705 [1984]). Even if the wife did not review the waiver with her attorney or seek out information regarding decedent's assets, "this dereliction may have caused [her] to be ignorant of the precise terms of the waiver, [but] the fact remains that, absent fraud or other misconduct, parties are bound by their signatures" (Matter of Schuellain, 269 AD2d 864, 865 [2000]; see Matter of Garbade, 221 AD2d 844, 846 [1995], lv denied 88 NY2d 803 [1996]; Pommer v Trustco Bank, 183 AD2d 976, 978 [1992], lv dismissed and denied 81 NY2d 758 [1992]). As Basic has presented no evidence to overcome the presumption that the waiver was properly executed and has not raised a contention that would invalidate the waiver as a matter of law, Surrogate's Court properly denied Basic's motion for summary judgment. In light of our decision, we need not address the parties' remaining contentions.

McCarthy, J.P., Garry, Egan Jr. and Rose, JJ., concur. Ordered that the order is affirmed, with one bill of costs.