■ In the Matter of the Estate of GARY L. STROUT SR., Deceased. CARRIE STROUT KANE, as Administrator of the Estate of GARY L. STROUT SR., Respondent; SANDRA STROUT, Appellant. [63 NYS3d 609]—

Pritzker, J. Appeal from an order of the Surrogate's Court of Cortland County (Campbell, S.), entered April 15, 2015, which granted petitioner's application, in a proceeding pursuant to SCPA article 14, to determine that respondent waived the right of election.

Gary L. Strout Sr. (hereinafter decedent) died in May 2012, leaving a last will and testament, dated December 17, 2008, that left a vehicle and personal property to respondent, his wife of over 20 years, devised his real property in equal shares to his two children and left the remainder of his estate to his son. On the same date, both decedent and respondent executed mutual waivers of the right to spousal election. Nonetheless, after decedent's will was offered for probate, respondent filed a notice of election. Thereafter, petitioner, the administrator of decedent's estate, commenced this proceeding seeking a determination that respondent was not entitled to an elective share of the estate based upon her aforementioned waiver. A hearing as to the validity of respondent's waiver was held, after which Surrogate's Court determined that respondent had validly waived her spousal election rights. Respondent now appeals.

An effective waiver of a spouse's right to elect against another's estate "must be in writing and subscribed by the maker thereof, and acknowledged or proved in the manner required by the laws of this state for the recording of a conveyance of real property" (EPTL 5-1.1-A [e] [2]; *see Matter of Bordell*, 150 AD3d 1446, 1447 [2017]; *Matter of Menahem*, 63 AD3d 839, 839-840 [2009]). While both parties agree that respondent signed the written waiver in an attorney's office and that her signature was properly acknowledged by a notary public, respondent initially claims that the waiver is unenforceable because it references EPTL 5-1.1, which only applies to a person dying prior to September 1, 1992. The incorrect statutory reference does not, however, invalidate the waiver as "[t]here is nothing in EPTL 5-1.1-A (e) (2) that requires any particular form, wording or reference to a particular provision of the statute in order to make the waiver effective" (*Matter of Bordell*, 150 AD3d at 1448). Further, there was no evidence that "[respondent] was aware of the distinction between EPTL 5-1.1 and EPTL 5-1.1-A" such that reference to the correct provision would have impacted her decision to sign the waiver (*id.*). A plain reading of the waiver reveals that respondent intended to renounce any interest in decedent's estate, and that there was "substantial compliance with the statutory requisites of EPTL 5-1.1-A (e) (2)" (*Matter of Menahem*, 63 AD3d at 840; *see Matter of Seviroli*, 44 AD3d 962, 962 [2007]).

Respondent also contends that Surrogate's Court erred in finding that she, rather than petitioner, bore the burden of establishing that respondent's waiver was free from unfair advantage, fraud, deception and duress given the fiduciary relationship between decedent and respondent. Respondent's contention is based upon case law pertaining to prenuptial agreements, which provides that "whichever spouse contests a prenuptial agreement bears the burden to establish a fact-based, particularized inequality before a proponent of a prenuptial agreement suffers the shift in burden to disprove fraud or overreaching" (*Matter of Greiff*, 92 NY2d 341, 346 [1998]; *see Pulver v Pulver*, 40 AD3d 1315, 1317 [2007]). Absent an abuse of discretion, this Court will uphold a determination of Surrogate's Court as to the validity of such a waiver (*see Matter of Malone*, 46 AD3d 975, 978 [2007]).

At the hearing, respondent testified that she was the victim of verbal and severe physical abuse at the hands of decedent, including sustaining multiple broken noses and being run over with a car. However, respondent conceded that there was no corroborative evidence of the alleged violence, as she never

called the police, sought medical services or told anyone about the abuse. Respondent also detailed a long history of decedent making major decisions for her, including the decision for her to file for bankruptcy to discharge her credit card debt and to sign the subject waiver. David Ames, the attorney who drafted both decedent's will and the waiver, testified that he explained the waiver and its effect to respondent and suggested that she consult her own counsel before signing. Respondent's testimony contradicts the testimony of Ames, the latter of which Surrogate's Court appears to have found credible. As such, Surrogate's Court did not find respondent's claims to be consistent with the proof, and the burden was not shifted because respondent failed to demonstrate that undue or unfair advantage was "probable" (*Matter of Greiff*, 92 NY2d at 343 [internal quotation marks and citation omitted]). Although respondent further contends that there was not full disclosure as to the value of the estate and that she did not have legal representation, these factors do not—individually or collectively—vitiate the waiver (*see Matter of Bordell*, 150 AD3d at 1448; *Matter of Abady*, 76 AD3d 525, 526 [2010]). Thus, "[a]ccording due deference to the credibility determinations of Surrogate's Court" (*Matter of Hudson LL. [Meredith LL.—Matthew MM.]*, 152 AD3d 906, 909 [2017]; *see Matter of Tenzer*, 144 AD3d 1044, 1045-1046 [2016]), we find that it did not abuse its discretion in upholding the subject waiver. We have considered respondent's remaining contentions and find them lacking in merit.

Peters, P.J., Egan Jr., Devine and Mulvey, JJ., concur. Ordered that the order is affirmed, with costs.