Commercial Realty Servs. of Long Is., Inc. v Mehran Enters., Ltd. (2021 NY Slip Op 03303)





Commercial Realty Servs. of Long Is., Inc. v Mehran Enters., Ltd.


2021 NY Slip Op 03303


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-08069
 (Index No. 13645/12)

[*1]Commercial Realty Services of Long Island, Inc., respondent, 
v
Mehran Enterprises, Ltd., et al., appellants, et al., defendant.


King & Streisfeld (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Jennifer B. Ettenger], of counsel), for appellants Mehran Enterprises, Ltd., Future Queens Realty, Inc., and Mehran Realty Corp.
Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY (Robert P. Lynn, Jr., and Kenneth L. Gartner of counsel), for appellant Phillip Stewart.
Jeffrey Bettan (The Law Office of Russell D. Morris PLLC, New York, NY, of counsel), for appellants Windsor School, Windsor International Holding, Inc., and Emily Yu.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (Michael G. Zapson of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Phillip Stewart appeals, the defendants Mehran Enterprises, Ltd., Future Queens Realty, Inc., and Mehran Realty Corp., and the defendants Windsor School, Windsor International Holding, Inc., and Emily Yu separately appeal, from a judgment of the Supreme Court, Nassau County (George R. Peck, J.), entered June 19, 2017. The judgment, upon a decision of the same court dated April 25, 2017, made after a nonjury trial, is in favor of the plaintiff and against those defendants in the principal sum of $331,942.
ORDERED that the judgment is reversed, on the law and the facts, with one bill of costs to the appellants appearing separately and filing separate briefs, and the complaint insofar as asserted the appellants is dismissed.
The plaintiff commenced this action to recover a brokerage commission, asserting six causes of action. At a nonjury trial, the following evidence was adduced.
In 2009, the defendant Phillip Stewart, who was the sole shareholder of the defendant Windsor School (hereinafter the school), vetted prospective purchasers to purchase his interest therein. Among the potential purchasers were the defendant Emily Yu and nonparty Naomi Zhang, who were business partners at the time.
During the same time period, the plaintiff, Commercial Realty Services of Long [*2]Island, Inc., met with Stewart to discuss the school's possible relocation to a different rental property. The understanding between the plaintiff and Stewart was that if the plaintiff found a suitable rental space to which the school could relocate, then the school's new landlord would pay a brokerage commission to the plaintiff.
In December 2011, the plaintiff's brokers allegedly discovered an online listing for a commercial rental space which they thought would be suitable for the school. The rental space was in a building located at 37-02 Main Street in Queens (hereinafter the subject premises), which is owned by the defendant Mehran Enterprises, Ltd. (hereinafter Mehran Enterprises).
The plaintiff's brokers and Zhang met Robert Mehran, a member of the family that owned Mehran Enterprises, and toured the subject premises. Shortly thereafter, one of the plaintiff's brokers contacted Stewart to discuss Zhang's impressions, at which time Stewart advised the broker that the school had decided to renew its current lease. Approximately two weeks later, one of the plaintiff's brokers placed a follow-up call to Stewart to see if the school's plans had changed. Stewart advised the broker that the school now intended to relocate to the subject premises that the plaintiff had proposed and had visited with Zhang.
The plaintiff's owner and one of its brokers contacted the Mehran family via telephone to demand the plaintiff's brokerage commission. Alex Mehran, Sr., answered the phone and stated that he knew nothing about the school having a broker. However, according to the plaintiff's owner, someone could be heard in the background representing that the plaintiff had in fact brought the school to the subject premises.
In May 2012, Joseph Mehran, another member of the Mehran family, on behalf of another of the family's companies, the defendant Mehran Realty Corp., made a lease offer for the subject premises to Yu as the principal of a tenant "TBD." On June 1, 2012, the defendant Future Queens Realty, Inc., which is also owned by the Mehran family, sublet the subject premises to Yu as subtenant. On June 4, 2012, Yu purchased Stewart's interest in the school. Yu then assigned the sublease to the defendant Windsor International Holding, Inc. (hereinafter Windsor International), of which Yu is the sole shareholder.
The Supreme Court found in favor of the plaintiff on each cause of action except the one which sounded in fraud, and entered judgment in the principal sum of $331,942 against the defendants, jointly and severally, with the exception of the defendant James Seery. Stewart appeals from the judgment. Mehran Entreprises, Mehran Realty Corp., and Future Queens Realty, Inc. (hereinafter collectively the Mehran defendants), separately appeal. Yu, the school, and Windsor International also separately appeal.
"'In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony'" (Fire Is. Real Estate, Inc. v Coldwell Banker Residential Brokerage, 131 AD3d 507, 507-508, quoting Palombo Group v Poughkeepsie City Sch. Dist., 125 AD3d 620, 621). "'Where [the trial court's] findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations'" (Gomez v Eleni, LLC, 122 AD3d 797, 798, quoting Papovitch v Papovitch, 84 AD3d 1045, 1046).
"In order to recover a real estate brokerage commission, [a] broker must establish: (1) that he or she is duly licensed, (2) that he or she had a contract, express or implied, with the party to be charged with paying the commission, and (3) that he or she was the procuring cause of the [transaction]" (Fire Is. Real Estate, Inc. v Coldwell Banker Residential Brokerage, 131 AD3d at 508 [internal quotation marks omitted]; see Cusumano Assoc., Inc. v Politoski, 118 AD3d 936, 937; Poznanski v Wang, 84 AD3d 1048, 1049).
Here, the plaintiff failed to carry its burden in establishing its first cause of action, sounding in breach of contract, insofar as asserted against the school, Windsor International, Stewart, [*3]and Yu, as there was no testimony at trial that any of those defendants were the parties to be charged with paying the plaintiff's commission. The plaintiff further failed to carry its burden in establishing its second cause of action, also sounding in breach of contract, as the plaintiff's broker testified at trial that the plaintiff had no agreement with the Mehran defendants that a brokerage commission would be paid to the plaintiff. Thus, the first and second causes of action, alleging breach of contract, should have been dismissed.
"Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (Fire Is. Real Estate, Inc. v Coldwell Banker Residential Brokerage, 131 AD3d at 507-508, quoting Lama Holding Co. v Smith Barney, 88 NY2d 413, 424).
In addition to failing to establish that it had an agreement with the Mehran defendants for the payment of its brokerage commission, the plaintiff further failed to establish that its agreement with the school was breached, or that any of the defendants procured such a breach. Thus, the cause of action alleging tortious interference with contract should have been dismissed.
"New York does not recognize civil conspiracy to commit a tort as an independent
cause of action" (Barns & Farms Realty, LLC v Novelli, 82 AD3d 689, 691). "[R]ather, such a claim stands or falls with the underlying tort" (Hebrew Inst. for Deaf & Exceptional Children v Kahana, 57 AD3d 734, 735).
Here, the fraud cause of action was dismissed by the Supreme Court and, as set forth above, the tortious interference with contract cause of action also should have been dismissed. As such, there remains no underlying tort upon which a conspiracy cause of action could be based. Thus, the cause of action alleging conspiracy should have been dismissed.
Affording the appropriate deference to the Supreme Court's credibility determinations, the court's determination that the plaintiff met its burden of establishing that the Mehran defendants accepted the plaintiff's services with the knowledge that the plaintiff expected to be compensated therefor was not warranted by the facts (see generally Marchese v Great Neck Terrace Associates, L.P., 138 AD3d 698, 700). Accordingly, the plaintiff was not entitled to recover in quasi contract (cf. Johnson v Robertson, 131 AD3d 670, 672). Furthermore, as the plaintiff asserted this cause of action only against Mehran Realty Corp., the court erred to the extent that it imposed liability upon the other appellants on this cause of action (see Community Counseling & Mediation Servs. v Chera, 115 AD3d 589, 589).
In light of the foregoing, we need not reach the parties' remaining contentions.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court