| **Frost v Blum** |
|:---:|
| 2026 NY Slip Op 30832(U) |
| March 3, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 510224/2025 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of the Supreme Court of the State of New York, Kings County, at the Courthouse located at 360 Adams Street, Brooklyn, New York on the 3rd day of March 2026.

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

===============================================

KELLY FROST,

Plaintiff(s),

-against-

ANDREW BLUM,

Defendant(s).

===============================================

**DECISION & ORDER**

Index No.:     510224/2025

Motion Seq.:   001

Return Date:   11/6/2025

*Recitation of the following papers as required by CPLR 2219(a):*

|  | **NYSCEF Papers Numbered** |
|---|---|
| Notice of Motion and Supporting Documents | 25-34 |
| Affirmation in Opposition and Supporting Documents | 35-37 |
| Reply Affirmation and Supporting Documents | 39 |

*Upon the foregoing papers, the decision and order of the Court is as follows:*

This is an action for personal injuries sustained by plaintiff arising out of a motor vehicle accident on 9/11/2024. At the time of the accident, the parties were operating their motor vehicles on 15th Avenue, in Brooklyn, New York. Plaintiff has now served a motion seeking an order per CPLR § 3212 granting summary judgment on the issue of liability and dismissing defendant's affirmative defenses of culpable conduct, assumption of risk, failure to mitigate, failure to wear a seat belt, emergency doctrine and intervening act. The motion is granted to the extent set forth herein.

In support of the motion, plaintiff submits the certified police report wherein defendant admits to making a U-turn without braking and striking plaintiff's vehicle, plaintiff's affirmation, and a video of the accident exchanged by defendant in discovery. In her affirmation, plaintiff

[* 1]

states that she was wearing the seat belt at the time of the accident and that she did not have the opportunity to avoid the accident. In opposition, defendant did not offer his affirmation to rebut plaintiff's recitation of the facts or dispute the video provided on his behalf through discovery.

**Law and Analysis**

"[S]ummary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue" (*Rotuba Extruders, Inc. v Ceppos*, 46 NY2d 223, 231 [1978] [internal quotation marks omitted]). "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issue of fact" (*Alvarez v Prospect Park Hosp.*, 68 NY2d 320, 324 [1986]). However, a failure to demonstrate a *prima facie* entitlement to summary judgment motion, requires a denial of the motion regardless of the adequacy of the opposing papers" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], *citing Alvarez v Prospect Hospital,* 68 NY2d 324).

"Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003] and *Alvarez v. Prospect Hospital*, 68 NY2d 324). An attorney's affirmation submitted in opposition, standing alone, is insufficient to raise a triable issue of fact in opposition to a motion for summary judgment (*Gallo v Jairath,* 122 AD3d 795, 797 [2d Dept 2014]).

When evaluating a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks omitted]). "It is not the function of a court deciding a summary

judgment motion to make credibility determinations or findings of fact, but rather to identify material issues of fact (or point to the lack thereof)" (*Vega*, 18 NY3d 505).

Here, plaintiff met her burden through admissible evidence to establish that defendant was negligent as a matter of law (*Giuffrida v Citibank*, 100 NY2d 81 and *Alvarez v. Prospect Hospital*, 68 NY2d 324). Plaintiff's sworn statements in her affirmation, the contents of the video and defendant's admission in the properly certified police report were unrebutted by defendant. Defendant's statement in the certified police report submitted in support of the motion are admissible as a party admission (*See Memenza v Cole,* 131 AD3d 1020, 1021-1022 [2d Dept 2015] and *Yassin v Blackman,* 188 AD3d 62 [2d Dept 2020]). In opposition, defendant failed to submit his affirmation or other evidence in admissible form to offer a non-negligent explanation for the accident and dispute the statements in the certified police report or the video exchanged by his counsel, which would establish triable issues of fact to be resolved by a jury as to liability (*Giuffrida v Citibank*, 100 NY2d 81 and *Alvarez v. Prospect Hospital*, 68 NY2d 324; *Gallo v Jairath,* 122 AD3d 797). Therefore, defendant's affirmative defenses on liability are also stricken.

However, the motion is denied as to the affirmative defenses concerning the use of a seat belt and mitigation of damages. To dismiss these affirmative defenses would deprive the defendant of an opportunity to explore through discovery whether plaintiff's injuries are consistent with the use of a seat belt or that plaintiff failed to mitigate damages.

The Court has considered the parties' remaining arguments and finds same to be without merit.

[* 3]

Accordingly, it is hereby

ORDERED that plaintiff's motion for an order per CPLR 3212 granting summary judgment on the issue of liability and defendant's negligence is GRANTED, and it is further

ORDERED that plaintiff's motion for an order per CPLR 3212 granting summary judgment dismissing defendant's affirmative defenses of culpable conduct, assumption of risk, emergency doctrine and intervening act is GRANTED, and it is further

ORDERED that plaintiff's motion for an order per CPLR 3212 granting summary judgment dismissing defendant's affirmative defenses of failure to mitigate and failure to wear a seat belt is DENIED.

This constitutes the decision and order of the Court.

E N T E R:

_____
**Hon. Anne J. Swern, J.S.C.**
**Dated: 3/3/2026**

For Clerks use only:

MG _____

MD _____

Motion seq. # _____

[* 4]