| **Dah Chair Wen v Cisse** |
|:---:|
| 2026 NY Slip Op 30834(U) |
| March 3, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 524400/2024 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of the Supreme Court of the State of New York, Kings County, at the Courthouse located at 360 Adams Street, Brooklyn, New York on the 3rd day of March 2026.

P R E S E N T: **HON. ANNE J. SWERN, J.S.C.**

==============================================

DAH CHAIR WEN,

<em>Plaintiff(s),</em>

-against-

MOUSSA CISSE

<em>Defendant(s).</em>

==============================================

**DECISION & ORDER**
Index No.:    524400/2024

Motion Seq.:   001

Return Date:   11/6/2026

*Recitation of the following papers as required by CPLR 2219(a):*

<strong>NYSCEF<br>Papers Numbered</strong>

Notice of Motion and Supporting Documents ......................................14-23
Affirmation in Opposition and Supporting Documents.........................26-27
Reply Affirmation and Supporting Documents ....................................28-33

*Upon the foregoing papers, the decision and order of the Court is as follows:*

This is an action for personal injuries sustained by plaintiff, a pedestrian, when she was struck by defendant's vehicle at the intersection of Kingsland Avenue and Withers Street in Brooklyn, New York. The motion for summary judgement is denied.

**Facts**

In support of the motion, plaintiff submits an affirmation. She states that while crossing the intersection of Kingsland Avenue and Withers Street with the pedestrian crosswalk signal in her favor, she stopped after taking approximately five or six steps from the curb to bend down and pick up her purse. As she bent down, she was struck by defendant's vehicle on her right side. If the accident had not occurred, it was her intention to cross over Kingsland Avenue. In opposition to the motion, defendant submits his affirmation. He states that before the accident,

[* 1]

he was stopped at the red light on Kingsland Avenue. When the light turned green, he started to turn left on Withers when "plaintiff suddenly darted into the street." Further, he applied his brakes, bringing his vehicle to a stop without making contact with plaintiff. Based on the parties' affirmations, defendant argues that depositions are necessary based on the conflicting versions of the accident and to determine to what extent plaintiff was contributorily negligent for the accident. In reply, plaintiff submits a copy of the certified police report wherein there is a statement attributed to defendant that he "did not see pedestrian when collided with his vehicle."

## Law and Analysis

"[S]ummary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue" (*Rotuba Extruders, Inc. v Ceppos*, 46 NY2d 223, 231 [1978] [internal quotation marks omitted]). "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issue of fact" (*Alvarez v Prospect Park Hosp.*, 68 NY2d 320, 324 [1986]). However, a failure to demonstrate a *prima facie* entitlement to summary judgment motion, requires a denial of the motion regardless of the adequacy of the opposing papers" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], *citing Alvarez v Prospect Hospital,* 68 NY2d 324).

"Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003] and *Alvarez v. Prospect Hospital*, 68 NY2d 324). An attorney's affirmation submitted in opposition, standing alone, is insufficient to raise a triable issue of fact in opposition to a motion for summary judgment (*Gallo v Jairath,* 122 AD3d 795, 797 [2d Dept 2014]).

[* 2]

When evaluating a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks omitted]). "It is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact, but rather to identify material issues of fact (or point to the lack thereof)" (*Vega*, 18 NY3d 505).

Here, plaintiff met her prima facie burden through admissible evidence to establish that defendant was negligent as a matter of law through her affirmation (*Giuffrida v Citibank*, 100 NY2d 81 and *Alvarez v. Prospect Hospital*, 68 NY2d 324).  However, in opposition, defendant established that a question of fact exists whether plaintiff was contributorily negligent by "darting" across the street.  Defendant's affirmation established a triable issue of fact to be resolved by a jury as to liability (*Giuffrida v Citibank*, 100 NY2d 81 and *Alvarez v. Prospect Hospital*, 68 NY2d 324; *Gallo v Jairath,* 122 AD3d 797).  The jury could find plaintiff 100% liable for the happening of the accident or comparatively negligent requiring an apportionment of fault or not negligent at all.

Although defendant's statement in the certified police report is admissible as a party admission (*See Memenza v Cole,* 131 AD3d 1020, 1021-1022 [2d Dept 2015] and *Yassin v Blackman,* 188 AD3d 62 [2d Dept 2020]), it creates an additional issue of fact concerning defendant's credibility, which cannot be determined upon a motion for summary judgment (*Vega*, 18 NY3d 505).  Any discrepancy between his affirmation and the police report must be weighed by a jury after assessing his credibility.

The Court has considered the parties' remaining arguments and finds same to be without merit.

[* 3]

Accordingly, it is hereby

ORDERED that plaintiff's motion for an order per CPLR 3212 granting partial summary judgment on the issue of liability is denied with prejudice and without leave to renew.

This constitutes the decision and order of the Court.

E N T E R:

_____

**Hon. Anne J. Swern, J.S.C.**
**Dated: 3/3/2026**

For Clerks use only:

MG _____

MD _____

Motion seq. # _____