■ KALMON-DOLGIN AFFILIATES, INC., Respondent, v BUSH TERMINAL ASSOCIATES, Appellant, et al., Defendants.—Judgment, Supreme Court, New York County (Myriam J. Altman, J.), entered July 31, 1989, which, *inter alia,* after bench trial, awarded plaintiff judgment against defendant Bush Terminal Associates in the amount of $237,238 plus interest, unanimously reversed, on the law, and the complaint dismissed, with costs.

Plaintiff brought this action to recover a real estate brokerage commission from defendant Bush Terminal Associates in connection with a lease entered into by Bush Terminal Associates as landlord, with defendant Arthur Matney & Co., Inc. as tenant. In 1979, Matney decided to relocate its cosmetics manufacturing business and entered into negotiations with several real estate brokers. Plaintiff had entered into a written agreement with the A & S department store to act as its exclusive broker for the purpose of attempting to obtain a subtenant for building 24 at Bush Terminal. In September of 1982, representatives of Matney met with a principal of plaintiff regarding Matney's proposed move and he showed the Matney individuals some of the buildings at the terminal. The negotiations for building 24 between Matney and plaintiff, on behalf of A & S, broke down in December of 1982.

When plaintiff's representative first showed the space in Bush Terminal to Matney in September of 1982, however, it took the precaution of registering Matney with the general manager of the complex as a possible tenant in order to take advantage of the Bush policy of "broker protection" with respect to the complex. The policy entitled the first broker to bring a prospective tenant to the Bush complex to be considered the "broker of record" with respect to the tenant. The protection, however, was to only last for a period of six months.

After the negotiations between plaintiff and Matney deteriorated, Matney met with the general manager of the complex regarding space within the terminal. Through another real

estate agent, Matney entered into a lease with Bush Terminal Associates for space in buildings 22, 23 and 26 in April of 1984. Bush Terminal Associates paid this real estate agent a brokerage fee and plaintiff sued.

The record fails to support the Supreme Court's conclusion that plaintiff was entitled to a commission as "broker of record". Instead, the record reveals that plaintiff never showed Matney the space it ultimately rented and never negotiated with Bush Terminal Associates with regard to the Matney tenancy. Moreover, the lease ultimately entered into by Bush Terminal and Matney was signed 18 months after plaintiff showed Matney a portion of the complex. Since the six-month period under the "broker of record" policy had expired, Bush Terminal Associates was free to deal with another broker in connection with the Matney tenancy.

We have considered the parties' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.