■ STEPHEN HIRSHON, LTD., Appellant, v MICHAEL COFFEY, Defendant, and CATHY SCARPANELLA, Respondent. [686 NYS2d 729] —In an action to recover real estate brokerage commissions, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kitson, J.), dated January 7, 1998, which granted the motion of the defendant Cathy Scarpanella for summary judgment dismissing the complaint insofar as asserted against her and denied its cross motion to amend the complaint.

Ordered that the order is affirmed, with costs.

In March 1996, a corporation of which the defendant Cathy Scarpanella is president purchased a Dunkin' Donuts franchise located in Smithtown from another corporation of which the defendant Michael Coffey is president. Although some months earlier the seller had entered into an exclusive listing agreement with the plaintiff, a licensed real estate broker, that agreement, by its terms, expired prior to the time that the defendants entered into their transaction. Scarpanella submitted sufficient prima facie evidence to warrant the grant of summary judgment in her favor. The plaintiff failed to offer sufficient admissible evidence to raise a triable issue regarding whether the defendants engaged in negotiations while the listing agreement was still in effect, or whether they engaged in conduct which was designed to avoid the payment of a commission (see, CPLR 3212 [b]; Greene v Hellman, 51 NY2d 197, 206; Alvarez v Prospect Hosp., 68 NY2d 320, 325; Zuckerman v City of New York, 49 NY2d 557, 562). Under the circumstances, the Supreme Court did not err by granting Scarpanella's motion and dismissing the complaint insofar as asserted against her.

Furthermore, the court properly denied the plaintiff's cross

motion to amend the complaint to state a cause of action alleging tortious interference with a contract (*see, NBT Bancorp v Fleet/Norstar Fin. Group,* 87 NY2d 614, 621; *Chambers v Executive Mtge. Corp.,* 229 AD2d 416). Ritter, J. P., Altman, Friedmann and Goldstein, JJ., concur.