■ BARRIE ROLLESTON-DAINES, Appellant, v ESTATE OF MICHAEL J. HOPIAK, Respondent. [694 NYS2d 225] —Carpinello, J. Appeal from an order and judgment of the Supreme Court (Relihan, Jr., J.), entered August 5, 1998 in Tompkins County, which, *inter alia*, determined the amount of quantum meruit recovery due to plaintiff.

Plaintiff, a friend and colleague of nature photographer Michael J. Hopiak (hereinafter decedent) who died intestate in September 1994, seeks to recover $30,400 from defendant for services she provided between September 6, 1995 and January 26, 1996. During this time period, plaintiff reviewed and organized slides of decedent's photographic work pursuant to an April 1995 proposal she had submitted to defendant's administrators recommending an exhibition of decedent's art as a living legacy. In this proposal, plaintiff agreed to complete the entire "production" portion of the project (i.e., sorting, arranging and identifying the slides in preparation for the exhibit) for $25,000. She herself estimated that this would take 1,300 hours of her time.

When the administrators sought permission from the heirs to use estate proceeds to mount the proposed exhibit, they consented on several conditions, which included the creation of a trust (with one of the two administrators serving as trustee) and a contract between the trust and plaintiff. On September 6, 1995, defendant advanced plaintiff $6,000 to begin working

on the project. At this time, she quit a $7 per hour catering job and devoted herself daily to the project. In December 1995, defendant advanced her an additional $2,000.

After the project was canceled on January 26, 1996 (no trust having been created or contract formulated), plaintiff claimed that she had spent approximately 608 hours reviewing and organizing 14,646 of decedent's 26,000 slides. She argues that given her experience as a professional nature photographer, she should be compensated at $50 per hour for this work, totaling $30,400. In support of her claim, plaintiff submitted an affidavit of a professional photographer who averred that this is the minimum rate that would be charged by a professional of plaintiff's caliber. This expert acknowledged, however, that plaintiff had agreed to complete the entire project for $25,000.

Supreme Court found that plaintiff failed to meet her burden of proving the reasonable value of her services as she kept no time records of her labor and could give no clear account of the actual work performed. Although she specified at a deposition that she placed 3,000 to 4,000 slides in numbered boxes, the court found that these efforts did not result in any appreciation of estate value since the individual slides were never numbered, classified or described. The court was unpersuaded by the averments of plaintiff's expert because he never inspected or evaluated her work. Given defendant's willingness to compensate plaintiff, however, the court determined that a rate of $15 per hour—an amount she agreed to be paid for other services rendered following decedent's death—was reasonable compensation.

On appeal, plaintiff takes umbrage with the perceived indifference of Supreme Court to her "status" as a professional nature photographer and its failure to compensate her accordingly. In our view, while Supreme Court properly rejected the averments of plaintiff's expert, it was unnecessarily critical of the lack of documented time sheets and records memorializing the work performed during the four-month period plaintiff worked on the project as she was hired on a project basis, not an hourly basis. As to the caliber of plaintiff's expertise, it is unnecessary to resolve this issue to ascertain the reasonable value of her services since she herself ascribed a value to these *very* services long before litigation developed. The record contains plaintiff's written notes concerning the April 1995 proposal in which she estimated the project would require 1,433 hours of her time, 1,300 of which would be spent sorting and cataloging slides. As plaintiff herself calculated in these notes, if she was paid $25,000 for the project, her hourly rate would

be $17.45. Upon our review of the record, we find her own cost estimates, which formed the basis of her proposal, to be the most probative evidence of the reasonable value of the services rendered (*see generally, Matter of Tillman*, 259 NY 133, 135; *Taylor & Jennings v Bellino Bros. Constr. Co.*, 106 AD2d 779, 779-780; *Smith v Brocton Preserving Co.*, 251 App Div 102, 104). Accordingly, the reasonable value of her services is $17.45 per hour, totaling $10,609.60. Since $8,000 has already been advanced to her, plaintiff is entitled to an additional $2,609.60 from defendant, a sum which is $1,609.60 greater than found by Supreme Court.

Plaintiff's remaining contentions, including her claim that she was denied the right to a jury trial, have been reviewed and rejected.

Peters, J. P., Spain and Graffeo, JJ., concur. Ordered that the order and judgment is modified, on the law and the facts, without costs, by increasing the amount of quantum meruit damages awarded therein by $2,609.60 to $10,609.60, and, as so modified, affirmed.