*511 Order, Supreme Court, New York County (Jane S. Solomon, J.), entered October 17, 2011, which, insofar as appealed from, granted defendants’ motion for summary judgment dismissing the quantum meruit claim, unanimously reversed, on the law, without costs, and the motion denied.
“[T]o establish a claim in quantum meruit, a claimant must establish (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services” (Moses v Savedoff, 96 AD3d 466, 471 [1st Dept 2012] [internal quotation marks omitted]).
Defendants do not dispute the first two elements. With respect to the third element, they contend that plaintiff (a) did not expect compensation for any services other than the development of Dubset LLC’s website and (b) should be estopped from arguing that it expected compensation for any such services. However, defendants failed to raise these arguments until their reply papers below, when plaintiff had no chance to respond. (see e.g. Ritt v Lenox Hill Hosp., 182 AD2d 560, 562 [1st Dept 1992]). Were we to reach the merits, we would note that “[t]he question of whether a party had a reasonable expectation of compensation for services rendered is a matter for the trier of fact to determine based on the evidence before it” (Moors v Hall, 143 AD2d 336, 338 [2d Dept 1988]; see also Brennan Beer Gorman/Architects, LLP v Cappelli Enters., Inc., 85 AD3d 482, 483 [1st Dept 2011]).
Regarding the fourth element of quantum meruit, defendant Stein testified at his deposition that Brian Miller, who is affiliated with plaintiff, (a) sent him an email with the number of hours that plaintiff had spent developing Dubset’s website and (b) estimated that plaintiff had spent $30,000 to $40,000 developing the site. Stein further testified that, from the above data, he could deduce that plaintiff spent $100 to $200 per hour to develop the website. That is some evidence of the value of plaintiffs services (see Rolleston-Daines v Estate of Hopiak, 263 AD2d 883, 885 [3d Dept 1999] [plaintiffs “own cost estimates” were “the most probative evidence of the reasonable value of the services rendered”]; see also Brennan, 85 AD3d at 484). Concur — Friedman, J.E, Catterson, Renwick, DeGrasse and Román, JJ.