OPINION OF THE COURT
Per Curiam.
Order dated May 22, 2012, insofar as appealed from, reversed, with $10 costs, tenant’s motion denied and petition reinstated. Appeal from order, dated March 9, 2012, dismissed, without costs, as subsumed in the appeal from the May 22, 2012 order.
This holdover eviction proceeding, based on allegations that tenant permitted criminal activity in the building premises in violation of her HUD lease agreement, is not ripe for summary dismissal upon the pre-answer record so far developed. Considering the verified petition in the light most favorable to landlord, as is required on review of tenant’s underlying CPLR 3211 motion to dismiss, we find that it asserted a viable possessory claim by alleging that, at approximately 1:00 in the morning on a specified date, tenant’s named guest “intentionally vandalized” the building by “purposely” “smashing the glass lobby door.” The petition went on to state that the guest’s conduct violated both article 145 of the Penal Law and section 23 (c) (6) (a) of the governing lease, the latter authorizing landlord to terminate the tenancy in the event criminal activity by a tenant, family member or guest “threatens the health, safety or right to peaceful enjoyment of the premises by other residents.” Most prominent among the issues that remain unresolved on this limited record is whether any building resident’s health, safety or peaceful enjoyment of the premises was threatened by the act of vandalism attributed to tenant’s guest (see and compare Matter of Sumet I Assoc., LP v Irizarry, 103 AD3d 653 [2013] [holdover petition based on HUD tenant’s act of vandalism dismissed after trial for lack of proof]).
Nor is dismissal of the holdover petition required at this early juncture based on tenant’s procedural challenge to the method used by landlord in terminating the tenancy, a challenge improperly raised by tenant for the first time in her reply papers submitted in connection with her initial dismissal motion below (see Caribbean Direct, Inc. v Dubset LLC, 100 AD3d 510, 511 *102 [2012]). Even if considered, tenant’s procedural argument raises at most a triable issue as to whether the landlord afforded her a timely and sufficient opportunity to discuss the underlying charges prior to terminating the tenancy, as required by section 23 (e) of the governing lease.
We note that landlord’s motion to renew and reargue the March 9, 2012 pre-answer dismissal order did not authorize the court to, in effect, give retroactive summary judgment treatment to tenant’s pre-answer dismissal motion.
Lowe, III, EJ., Shulman and Torres, JJ., concur.