■ MARJORIE THOMPSON, Appellant, v MARTIN HOROWITZ, Defendant, and MFA CONSTRUCTION, INC., Respondent. [37 NYS3d 266]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Pfau, J.), entered April 16, 2014, which, upon a jury verdict on the issue of liability, is in favor of the defendant MFA Construction, Inc., and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is modified, on the law, by deleting the provision thereof in favor of the defendant MFA

Construction, Inc., and against the plaintiff, in effect, dismissing the cause of action to recover damages in quantum meruit insofar as asserted against that defendant; as so modified, the judgment is affirmed, without costs or disbursements, the cause of action to recover damages in quantum meruit insofar as asserted against the defendant MFA Construction, Inc., is reinstated and severed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on that cause of action insofar as asserted against that defendant.

The plaintiff commenced this action alleging, inter alia, that the defendant MFA Construction, Inc. (hereinafter MFA), breached an oral agreement by failing to pay the plaintiff for marketing services that she performed on behalf of MFA, a real estate development corporation. Among other things, the plaintiff alleged that MFA requested, and she performed, certain marketing services for MFA's benefit at a cost of $50,000, but MFA failed to pay her an agreed-upon fee for her services.

This matter has been before this Court on a prior appeal from an order determining the parties' respective summary judgment motions (see Thompson v Horwitz, 100 AD3d 864 [2012]). On the prior appeal, we concluded that there was a "triable issue of fact as to the terms of the parties' oral agreement, and as to what fee, if any, the plaintiff is entitled to under the agreement" (id. at 865).

Thereafter, the matter proceeded to trial against MFA. In a pretrial memorandum of law and on the record before the trial commenced, the plaintiff argued that she was entitled to seek recovery under theories of breach of contract and quantum meruit. She contended that the complaint included a cause of action based upon quantum meruit, the theory of quantum meruit was raised in her summary judgment motion, and "[t]here would be no prejudice against" MFA if she were permitted to pursue this theory of recovery as an alternative to her breach of contract cause of action. The plaintiff also stated that she would establish the reasonable value of her services, which is required to recover under a quantum meruit theory.

The Supreme Court denied the plaintiff's request to present a theory of quantum meruit to the jury, concluding that she had "not pled" quantum meruit, and that she failed to sufficiently proffer how she would prove the reasonable value of her services. Thus, the court limited the plaintiff's theory of recovery to breach of contract. This was error.

Where the existence of a contract is in dispute, the plaintiff may allege a cause of action to recover in quantum meruit as

an alternative to a cause of action alleging breach of contract (*see Thompson Bros. Pile Corp. v Rosenblum*, 121 AD3d 672, 674 [2014]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 19-20 [2008]; *cf. Geraldi v Melamid*, 212 AD2d 575, 576 [1995]). "[A] quasi-contractual obligation is one imposed by law where there has been no agreement or expression of assent, by word or act, on the part of either party involved. The law creates it, regardless of the intention of the parties, to assure a just and equitable result" (*Bradkin v Leverton*, 26 NY2d 192, 196 [1970]; *see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389 [1987]).

To be entitled to recover damages under the theory of quantum meruit, a plaintiff must establish: "(1) the performance of services in good faith, (2) the acceptance of services by the person or persons to whom they are rendered, (3) the expectation of compensation therefor, and (4) the reasonable value of the services rendered" (*F & M Gen. Contr. v Oncel*, 132 AD3d 946, 948 [2015]; *see Crown Constr. Bldrs. & Project Mgrs. Corp. v Chavez*, 130 AD3d 969, 971 [2015]; *Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc.*, 102 AD3d 770, 772 [2013]; *Tesser v Allboro Equip. Co.*, 73 AD3d 1023, 1026 [2010]).

Here, although the complaint was inartfully drafted, when construed liberally, it states a cause of action to recover in quantum meruit for the value of services rendered, in addition to breach of contract (*see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d at 388; *Brennan Beer Gorman/ Architects, LLP v Cappelli Enters., Inc.*, 85 AD3d 482, 484 [2011]; *Plumitallo v Hudson Atl. Land Co., LLC*, 74 AD3d 1038, 1039 [2010]; *Hochman v LaRea*, 14 AD3d 653, 654 [2005]; *cf. Evans-Freke v Showcase Contr. Corp.*, 85 AD3d 961, 963 [2011]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d at 20). Notably, the parties do not dispute that, during the motion practice with respect to the summary judgment motions, the plaintiff argued that she was entitled to recover under a theory of quantum meruit, as well as breach of contract.

Moreover, contrary to the Supreme Court's determination, the plaintiff's assertions and the pretrial record amounted to a sufficient proffer regarding the reasonable value of the marketing services that she performed for MFA (*see Johnson v Robertson*, 131 AD3d 670, 672-673 [2015]; *Brennan Beer Gorman/ Architects, LLP v Cappelli Enters., Inc.*, 85 AD3d at 484; *Rolleston-Daines v Estate of Hopiak*, 263 AD2d 883, 885 [1999]; *cf. Caribbean Direct, Inc. v Dubset LLC*, 100 AD3d 510 [2012]).

Furthermore, the evidence at trial clearly supported a quantum meruit instruction to the jury. The testimony clearly

demonstrated that MFA approached the plaintiff to perform marketing services as agent for 10 properties in Brooklyn that MFA would renovate and sell, the plaintiff agreed to work on the project as a marketing agent, and she performed the marketing services. MFA's principal, Martin Horowitz, testified that the plaintiff performed marketing services that included "[a]dvertisements, setting up the brochure, entertaining telephone calls pertaining to the advertisements, setting up the lock box, [and numerous] telephone calls." He also testified that, after the plaintiff's marketing efforts, all 10 of the properties were sold.

The evidence at trial demonstrated that the parties' point of contention was whether they agreed on how much the plaintiff would be paid for her marketing services. The plaintiff testified that MFA agreed to pay her 3% of the gross sale price of the 10 properties, but that MFA did not pay her any money for her work. However, Horowitz testified that MFA never agreed to pay the plaintiff 3% of the gross sale price, but did agree to pay her "expenses plus a profit." He also testified that he "would go along and see how [she] would work with it and how much time [she] would put in." Horowitz testified that, at one point, he asked the plaintiff, "[W]ould ten thousand dollars suffice?," but he did not recall if she "ever responded." Although he "believe[d]" that his "partner" paid her $10,000, MFA was unable to locate any documentation showing that it actually made a payment to the plaintiff. Additionally, Horowitz's testimony and certain documentary evidence established that MFA established a $75,000 marketing budget for the project.

After the parties presented this conflicting evidence regarding whether the parties ever agreed on the amount that MFA would pay the plaintiff for her services, the Supreme Court still declined to instruct the jury on a theory of quantum meruit.

The jury found in favor of the defendant based upon its determination that there was no agreement "for a fee of [3%] of the gross sales price of the [10] properties in exchange for [the plaintiff] to act as a marketing agent." Thereafter, in a judgment entered April 16, 2014, the complaint was dismissed insofar as asserted against MFA.

With respect to the cause of action alleging breach of contract, the Supreme Court properly charged the jury that the amount of money the parties agreed the plaintiff would be paid constitutes "an essential term of the contract" (see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589 [1999]; Cobble Hill Nursing Home v Henry &

*Warren Corp.*, 74 NY2d 475, 482 [1989]; *Globus Realty Corp. v Fleetwood Terrace Inc.*, 301 NY 783 [1950]; *Otto v Dureja*, 113 AD3d 829, 830 [2014]). Contrary to the plaintiff's contention, the court did not charge the jury that price was the most important term of the contract.

However, inasmuch as the complaint, liberally construed, set forth an alternative cause of action to recover in quantum meruit, and the trial evidence revealed no dispute that MFA agreed to hire the plaintiff as its marketing agent on this particular project and she performed the marketing services, the only substantial dispute was the value of the services that she rendered. Thus, under all the circumstances, the Supreme Court erred in preventing the plaintiff from advancing a quantum meruit theory as an alternative to breach of contract, and in declining to charge the jury on quantum meruit (*see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d at 388; *McKeon v Van Slyck*, 223 NY 392, 399-401 [1918]; *Johnson v Robertson*, 131 AD3d at 673; *cf. Lehrer McGovern Bovis v New York Yankees*, 207 AD2d 256, 259 [1994]). In light of these errors, a new trial is warranted on the cause of action to recover in quantum meruit insofar as asserted against MFA.

The plaintiff's contention that the Supreme Court erred in failing to charge the jury on a theory of unjust enrichment is unpreserved for appellate review (*see Chajet v Bronner*, 32 AD3d 527 [2006]).

The plaintiff's remaining contentions need not be reached in light of our determination. Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.