First Class Concrete Corp. v Rosenblum (2018 NY Slip Op 08919)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

First Class Concrete Corp. v Rosenblum

2018 NY Slip Op 08919

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-09344
(Index No. 20734/08)

[*1]First Class Concrete Corp., respondent, 
vJeffrey M. Rosenblum, et al., appellants.

Jeffrey M. Rosenblum, P.C., Great Neck, NY (Vincent Chirico of counsel), for appellants.
Law Office of Daniel R. Olivieri, P.C., Jericho, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated August 9, 2016. The order denied the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the second amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract arising out of work the plaintiff contends that it performed at the defendants' request for which it was not paid. The plaintiff alleges that the defendants failed to pay for materials and services it provided in connection with work it performed on the defendants' property. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the second amended complaint for failure to state a cause of action. In an order dated August 9, 2016, the Supreme Court denied the defendants' motion. The defendants appeal.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828, 829 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87-88).
"The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach, and resulting damages" (Detringo v South Is. Family Med., LLC, 158 AD3d 609, 609). According the plaintiff the benefit of every possible favorable inference, the second amended complaint states a cause of action to recover damages for breach of contract by alleging that the parties entered into a contract for the plaintiff to perform concrete, excavation, and cesspool work at the defendants' property, that the plaintiff performed the work, and that the defendants breached the contract by failing to pay for certain materials and services provided by the plaintiff, causing the plaintiff to incur damages (see Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 673). Contrary to the defendants' contention, the plaintiff was " not required to attach a copy of the contract or plead its terms verbatim'" (12 Baker Hill Rd., Inc. v Miranti, 130 AD3d 1425, 1426, quoting Griffin Bros. [*2]v Yatto, 68 AD2d 1009, 1009). Accordingly, we agree with the Supreme Court's determination denying those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action in the second amended complaint, which were to recover damages for breach of contract.
We also agree with the Supreme Court's denial of those branches of the defendants' motion which were to dismiss the causes of action to recover for unjust enrichment and in quantum meruit. "Quantum meruit and unjust enrichment theories are equitable in nature, and are appropriate only if there is no valid and enforceable contract between the parties covering the dispute at issue" (Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 223). Since the defendants disputed the existence and enforceability of a contract covering the dispute at issue, the plaintiff was entitled to allege causes of action to recover for unjust enrichment and in quantum meruit as alternative theories of relief (see Thompson v Horowitz, 141 AD3d 642, 643-644; AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 20), and the complaint sufficiently states those causes of action (see Snitovsky v Forest Hills Orthopedic Group, P.C., 44 AD3d 845, 845-846).
The plaintiff also sufficiently stated a cause of action to recover on an account stated. "An account stated is an agreement, express or implied, between the parties to an account based upon prior transactions between them with respect to the correctness of account items and a specific balance due on them which is independent of the original obligation" (Caring Professionals, Inc. v Landa, 152 AD3d 738, 739). Here, the plaintiff alleged, inter alia, that the defendants retained and accepted, without objection, various invoices setting forth the amounts owed for materials and services he provided. Viewed in the light most favorable to the plaintiff, the second amended complaint sufficiently states a cause of action to recover on an account stated (see Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 851).
The parties' remaining contentions are either not properly before this Court or without merit.
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court