Gould v Decolator, Cohen & DiPrisco, LLP (2021 NY Slip Op 05026)





Gould v Decolator, Cohen & DiPrisco, LLP


2021 NY Slip Op 05026


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-10686
 (Index No. 17209/11)

[*1]David S. Gould, et al., appellants, 
v
Decolator, Cohen & DiPrisco, LLP, respondent.


David S. Gould, New York, NY, appellant pro se, and Vaughn, Weber & Prakope, PLLC, Mineola, NY (David S. Gould of counsel), for appellant David S. Gould, P.C. (one brief filed).
Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman, Janice J. DiGennaro, and Evan Krinick of counsel), for respondent.



DECISION & ORDER
In an action to recover in quantum meruit for legal fees, the plaintiffs appeal from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered June 14, 2018. The order granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, denied the motion of the plaintiff David S. Gould for summary judgment on the issue of liability insofar as asserted by him, denied the motion of the plaintiff David S. Gould, P.C., for summary judgment on the issue of liability insofar as asserted by it and to preclude the defendant from offering evidence at trial of a "task by task" claim or defense, and denied the plaintiffs' motion to strike the affirmative defense of the statute of limitations.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the complaint, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.
The plaintiffs commenced this action sounding in quantum meruit alleging, inter alia, that the plaintiff David S. Gould (hereinafter Gould) represented the defendant in litigation against the law firms of Lysaght, Lysaght, and Kramer (hereinafter LLK) and Trager, Cronin and Byczek (hereinafter TCB) from 1998 to 2007. The plaintiffs alleged that Gould was not paid for any of his work in the LLK/TCB litigation from 2002-2007 and that, in 2010, Gould discovered that the defendant never intended to pay him for the work.
The defendant moved, inter alia, for summary judgment dismissing the complaint and pursuant to CPLR 3126 to dismiss the complaint. Gould moved for summary judgment on the complaint insofar as asserted by him, and his law firm, the plaintiff David S. Gould, P.C. (hereinafter the Gould firm), moved for the same relief as to it and to preclude the defendant from offering evidence at trial of a "task by task" claim or defense. The plaintiffs also moved to strike the affirmative defense of the statute of limitations. In an order entered June 14, 2018, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied the plaintiffs' motions. The plaintiffs appeal.
"In order to succeed on a cause of action to recover in quantum meruit, the plaintiff must prove (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they were rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services" (Tesser v Allboro Equip. Co., 73 AD3d 1023, 1026; see Thompson v Horowitz, 141 AD3d 642, 644). Recovery under the theory of quantum meruit is not appropriate where an express contract governs the subject matter involved (see Parker Realty Group, Inc. v Petigny, 14 NY3d 864, 865-866; Cox v NAP Constr. Co., Inc., 10 NY3d 592, 607; Ross v DeLorenzo, 28 AD3d 631, 635-636).
"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569). "[A]n unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound" (Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 369). "In determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look . . . to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds" (Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399; see Zheng v City of New York, 19 NY3d 556).
Here, the Supreme Court erred in determining, in effect, that the defendant's documentary submissions established, prima facie, that the parties entered into an express contract, as embodied by a 2002 fax, and that the terms of the contract were clear and unqualified in their import, namely, that any payment for legal services provided by Gould regarding the LLK/TCB litigation after January 1, 2002, was contingent on a prior agreement of the parties.
Moreover, the defendant's submissions failed to eliminate all triable issues of fact with regard to Gould's performance of services in good faith, its acceptance of the services, an expectation of compensation therefor, or the reasonable value of the services. Initially, the defendant's submissions failed to demonstrate that Gould did not perform legal services on the defendant's behalf or that the defendant did not accept Gould's services. Moreover, the defendant's submissions were insufficient to demonstrate the absence of triable issues of fact with regard to an expectation of compensation for the legal services provided (see Marc Contr., Inc. v 39 Winfield Assoc., LLC, 63 AD3d 693, 695). Additionally, the defendant's submissions failed to demonstrate that the plaintiffs could not establish the value of Gould's services (see Ragland v Molloy, 185 AD3d 852, 854).
Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint, the Supreme Court should have denied that branch of the defendant's motion regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's alternative contention that the Supreme Court should have directed dismissal of the complaint pursuant to CPLR 3126 is without merit.
The Supreme Court properly denied the plaintiffs' motions, inter alia, for summary judgment on the issue of liability, since the plaintiffs' submissions failed to demonstrate the absence of triable issues of fact with regard to the elements necessary to establish a quantum meruit cause of action and/or with regard to the parties' agreement, as reflected in the 2002 fax. Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability, the court properly denied summary judgment to the plaintiffs regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The plaintiffs' additional contentions that the Supreme Court erred in denying that branch of the Gould firm's motion which was to preclude the defendant from offering evidence at trial of a "task by task" claim or defense and in denying their motion to strike the defendant's affirmative defense of the statute of limitations are without merit.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court