Cpex Real Estate, LLC v Tomtro Realty Corp. (2022 NY Slip Op 00999)





Cpex Real Estate, LLC v Tomtro Realty Corp.


2022 NY Slip Op 00999


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-05779
 (Index No. 504937/16)

[*1]Cpex Real Estate, LLC, respondent, 
v
Tomtro Realty Corp., appellant.


Nia C. Cholakis, Troy, NY, for appellant.
Michael A. King, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Kings County (Debra Silber, J.), entered April 11, 2019. The judgment, upon a decision of the same court dated March 6, 2019, made after a nonjury trial, is in favor of the plaintiff and against the defendant in the principal sum of $82,390.
ORDERED that on the Court's own motion, the notice of appeal from the decision is deemed a premature notice of appeal from the judgment (see CPLR 5520[c]); and it is further,
ORDERED that the judgment is reversed, on the law, and the complaint is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On September 22, 2014, the plaintiff, a real estate broker, entered into a brokerage commission agreement with the defendant. The agreement provided that the plaintiff was to act on an exclusive basis as the broker for the defendant to locate tenants and negotiate a suitable lease for certain property in Brooklyn, and that the plaintiff would be entitled to a commission in the event a tenant entered into a binding lease with the defendant. The agreement stated that it would be valid for a six-month period, and would expire on March 15, 2015, unless extended by written agreement of the parties.
In March 2016, the plaintiff commenced this action, inter alia, to recover damages for breach of the brokerage agreement, alleging that the plaintiff procured a fully executed lease
between the defendant and a tenant for the subject property, T-Mobile Northeast, LLC (hereinafter T-Mobile), but the defendant failed to pay the plaintiff a commission. In a decision dated March 6, 2019, made after a nonjury trial, the Supreme Court found that the plaintiff was entitled to a brokerage commission in the principal sum of $82,390. On April 11, 2019, the court entered a judgment in favor of the plaintiff and against the defendant in the principal sum of $82,390. The defendant appeals.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (McGowan v State of New York, 79 AD3d 984, 986, quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Here, the Supreme Court's finding that the plaintiff was entitled to a brokerage [*2]commission was not supported by the record. "In order to recover a real estate brokerage commission, [a] broker must establish: (1) that [it] is duly licensed, (2) that [it] had a contract, express or implied, with the party to be charged with paying the commission, and (3) that [it] was the procuring cause of the [transaction]" (Commercial Realty Servs. of Long Is., Inc. v Mehran Enters., Ltd., 194 AD3d 1008, 1010 [internal quotation marks omitted]; see Burton v Lucido, 135 AD3d 885; Fire Is. Real Estate, Inc. v Coldwell Banker Residential Brokerage, 131 AD3d 507). At trial, the plaintiff presented testimony that it was a duly licensed broker, that it entered into a brokerage agreement with the defendant, and that it procured a lease for the defendant's property with a co-broker, nonparty Schuckman Realty. However, Ryan Condren, an employee of the plaintiff, acknowledged that T-Mobile did not sign the lease until "the end of 2015," and the defendant presented testimony from its employee, John Aretakis, that the lease was signed on December 7, 2015. By its terms, the brokerage agreement expired on March 15, 2015, since it was not extended by the parties in writing.
Although the agreement entitled the plaintiff to collect a commission "[i]f within 60 days after the expiration . . . of th[e] . . . agreement, a lease is signed or negotiations continue and ultimately lead to a signed lease of the Property to a person or entity" on a list of potential tenants to be provided by the plaintiff within 10 days of expiration of the brokerage agreement, the lease was not signed within 60 days of the expiration of the brokerage agreement, and the plaintiff did not present any evidence that it supplied a list of potential tenants to the defendant. Thus, the brokerage agreement, by its terms, expired months before the defendant entered into a binding lease with T-Mobile (see Stephen Hirshon, Ltd. v Coffey, 260 AD2d 465; Kalmon-Dolgin Affiliates v Bush Terminal Assoc., 164 AD2d 790, 791). Since the plaintiff failed to establish the existence of a contract entitling it to collect a commission for the December 2015 lease, the Supreme Court erred in finding that the plaintiff was entitled to a commission.
The parties' remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court