Commerce One Realty, Inc. v 780 Humboldt, LLC (2023 NY Slip Op 03763)

Commerce One Realty, Inc. v 780 Humboldt, LLC

2023 NY Slip Op 03763

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2019-11199
 (Index No. 520376/17)

[*1]Commerce One Realty, Inc., et al., appellants,
v
780 Humboldt, LLC, et al., respondents, et al., defendant.

Rodriguez-McCloskey PLLC, Brooklyn, NY (Yenisey Rodriguez-McCloskey of counsel), for appellants.
Law Offices of Jordan M. Hyman, PLLC, Rockville Centre, NY, for respondent 780 Humboldt, LLC.
Lieberman Blecher & Sinkevich P.C., New York, NY (Michael G. Sinkevich of counsel), for respondents 780 Humboldt Realty, LLC, Danis Zaretsky, and Vitaly Zaretsky.

DECISION & ORDER
In an action, inter alia, to recover a real estate brokerage commission, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated August 7, 2019. The order granted that branch of the motion of the defendants 780 Humboldt Realty, LLC, Danis Zaretsky, and Vitaly Zaretsky which was for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiffs' cross-motion, inter alia, for summary judgment on the issue of liability against the defendants 780 Humboldt, LLC, 780 Humboldt Realty, LLC, Danis Zaretsky, and Vitaly Zaretsky.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
In October 2017, the plaintiffs, a licensed real estate brokerage firm and its principal, David Heimlich, commenced this action, inter alia, to recover a real estate brokerage commission in connection with the sale of certain real property located in Brooklyn (hereinafter the property). The plaintiffs alleged that the seller of the property, the defendant 780 Humboldt, LLC (hereinafter the seller), and the defendants 780 Humboldt Realty, LLC, Vitaly Zaretsky, and Dennis Zaretsky, incorrectly sued herein as Danis Zaretsky (hereinafter collectively the purchasers, and together with the seller, the defendants), intentionally excluded the plaintiffs from the sale transaction in order to avoid paying a brokerage commission. The purchasers moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability against the defendants. The Supreme Court granted that branch of the purchasers' motion and denied the plaintiffs' cross-motion. The plaintiffs appeal.
"In order to recover a real estate brokerage commission, [a] broker must establish: [*2](1) that [it] is duly licensed, (2) that [it] had a contract, express or implied, with the party to be charged with paying the commission, and (3) that [it] was the procuring cause of the [transaction]" (Cpex Real Estate, LLC v Tomtro Realty Corp., 202 AD3d 905, 905 [internal quotation marks omitted]). Contrary to the plaintiffs' contention, the purchasers established their prima facie entitlement to judgment as a matter of law. In support of their motion, the purchasers submitted, among other things, the deposition testimony of Heimlich, which established that the plaintiffs had neither an express nor implied agreement with the purchasers to pay a brokerage commission to the plaintiffs. The facts, viewed in the light most favorable to the plaintiffs (see Jing Yu v Allstate Ins. Co., 208 AD3d 857, 859), do not support the existence of an implied contract between the plaintiffs and the purchasers (see Wikiert v City of New York, 128 AD3d 128).
In opposition, the plaintiffs failed to raise a triable issue of fact (see Shapiro v John T. Mather Hosp. of Port Jefferson, N.Y., Inc., 208 AD3d 913, 914). The plaintiffs failed to show that the purchasers accepted their services upon the understanding that the plaintiffs expected compensation from the purchasers (see Cpex Real Estate, LLC v Tomtro Realty Corp., 202 AD3d at 905; Wikiert v City of New York, 128 AD3d 128).
For those same reasons, the plaintiffs also failed to establish, prima facie, their entitlement to judgment as a matter of law on the issue of liability against the purchasers. Likewise, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability against the seller. In support of their cross-motion, the plaintiffs submitted, inter alia, the deposition testimony of Heimlich, which established that the plaintiffs did not have an express agreement with the seller to pay a brokerage commission to the plaintiffs. Moreover, the plaintiffs' submissions failed to eliminate triable issues of fact as to whether the seller had an implied agreement with them to pay a brokerage commission with regard to the sale of the property. Further, the plaintiffs' submissions failed to eliminate triable issues of fact as to whether the seller accepted the plaintiffs' services upon the understanding that the plaintiffs expected compensation from the seller and failed to establish the reasonable value of the plaintiffs' brokerage services (see Gould v Decolator, Cohen & DiPrisco, LLP, 197 AD3d 1242).
The plaintiffs' remaining contentions either have been rendered academic in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted that branch of the purchasers' motion which was for summary judgment dismissing the complaint insofar as asserted against them and properly denied the plaintiffs' cross-motion, inter alia, for summary judgment on the issue of liability against the defendants.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court