Aretakis v CPEX Real Estate, LLC (2026 NY Slip Op 00486)

Aretakis v CPEX Real Estate, LLC

2026 NY Slip Op 00486

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2024-02452
 (Index No. 637/22)

[*1]John Aretakis, appellant, 
vCPEX Real Estate, LLC, et al., respondents, et al., defendant.

John Aretakis, Brooklyn, NY, appellant pro se.
Lester Schwab Katz & Dwyer, LLP, New York, NY (John Sandercock of counsel), for respondents CPEX Real Estate, LLC, SVN CPEX Real Estate, Ryan Condren, and Timothy King.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and slander of title, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 31, 2024. The order granted the motion of the defendants CPEX Real Estate, LLC, SVN CPEX Real Estate, Ryan Condren, and Timothy King for summary judgment dismissing the amended complaint insofar as asserted against them and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff, and granted the separate motion of the defendant Michael King for summary judgment dismissing the amended complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs to the defendants CPEX Real Estate, LLC, SVN CPEX Real Estate, Ryan Condren, and Timothy King.
In 2016, CPEX Real Estate, LLC (hereinafter CPEX), commenced an action (hereinafter the 2016 action) against Tomtro Realty Corp. (hereinafter Tomtro), alleging that Tomtro owed CPEX a commission under a brokerage commission agreement (see Cpex Real Estate, LLC v Tomtro Realty Corp., 202 AD3d 905, 905). After a nonjury trial, the Supreme Court entered a judgment in favor of CPEX (see id.). On appeal, this Court reversed the judgment and dismissed the complaint (see id.).
The plaintiff, as an assignee of Tomtro, subsequently commenced this action against, among others, the defendants CPEX, SVN CPEX Real Estate, Ryan Condren, and Timothy King (hereinafter collectively the CPEX defendants), and the defendant Michael King (hereinafter Michael), who was CPEX's attorney in the 2016 action. The amended complaint asserted causes of action alleging, inter alia, breach of contract and slander of title, primarily based on the commencement and prosecution of the 2016 action. The CPEX defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff, and Michael moved for summary judgment dismissing the amended complaint insofar as asserted against him. In an order dated January 31, 2024, the Supreme Court granted the motions. The plaintiff appeals.
The Supreme Court properly directed dismissal of the cause of action alleging slander [*2]of title insofar as asserted against the CPEX defendants and Michael. The elements of a cause of action to recover damages for slander of title are "'(1) a communication falsely casting doubt on the validity of [the] complainant's title, (2) reasonably calculated to cause harm, and (3) resulting in special damages'" (39 Coll. Point Corp. v Transpac Capital Corp., 27 AD3d 454, 455, quoting Brown v Bethlehem Terrace Assoc., 136 AD2d 222, 224). "The wrongful filing for record of a document which casts a cloud upon another's title to or interest in realty is clearly such an act of publication as to give rise to an action for slander of title, if provable damages result" (Hanbidge v Hunt, 183 AD2d 700, 701 [internal quotation marks omitted]). "Special damages 'must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts'" (Shahid v Slochowsky & Slochowsky, LLP, 208 AD3d 1381, 1383, quoting Luciano v Handcock, 78 AD2d 943, 944). As the court properly determined, the amended complaint failed to sufficiently plead this cause of action. Moreover, Michael's submissions demonstrated, prima facie, that no liens, notices of pendency, or any other documents were filed against the property that was the subject of the brokerage commission agreement. In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court properly directed dismissal of the cause of action alleging breach of contract as time-barred to the extent that it was based on the CPEX defendants' acts during the period of the brokerage commission agreement (see CPLR 213[2]; Filasky v Andover Cos., 230 AD3d 1297, 1300). To the extent that this cause of action was based on the CPEX defendants' acts or omissions after the expiration of the brokerage commission agreement, the amended complaint failed to state a cause of action alleging breach of contract (see We Transp., Inc. v Westbury Union Free Sch. Dist., 219 AD3d 865, 866; Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960).
Pursuant to 22 NYCRR 130-1.1(a), a court may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct (see GDG Realty, LLC v 149 Glen St. Corp., 187 AD3d 994, 995). "Conduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (id. [internal quotation marks omitted]; see 22 NYCRR 130-1.1[c]). Here, the Supreme Court providently exercised its discretion in granting that branch of the CPEX defendants' motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff, as the amended complaint was frivolous.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court