■ GLORIA KAPLAN, Appellant-Respondent, v HERBERT KAPLAN, Respondent-Appellant. — Judgment, Supreme Court, New York County (Leff, J.), entered on October 27, 1981, unanimously affirmed for the reasons stated by Leff, J., at Trial Term, without costs and without disbursements. Concur — Kupferman, J. P., Sandler, Sullivan, Lynch and Kassal, JJ.

■ CREATIVE FOODS CORP., Respondent, v CHEF FRANCISCO, INC., Appellant. — Order and judgment (one paper) entered September 24, 1981 in Supreme Court, New York County (Shorter, J.) awarding plaintiff $38,202.72 on its first and sixth causes of action, reversed, on the law and the facts, the judgment is vacated and the complaint is dismissed, with costs. Plaintiff sued for breach of contract and tortious interference with economic relations, seeking an accounting for purposes of determining the commissions and punitive damages allegedly due. After trial, the court correctly found that the subject contract "does not in express terms or by fair implication fix the duration thereof and [since] it does not appear that a reasonable time is intended, the contract is subject to be terminated at the will or pleasure of either of the parties, upon giving a reasonable notice to the other." (22 NY Jur 2d, Contracts, § 424; *Bailey v S. S. Stafford, Inc.,* 178 App Div 811, 815.) Defendant's cancellation gave plaintiff a month's notice, as is "customary in the industry." Plaintiff presented no evidence that this was an unreasonably short time; but the trial court arbitrarily found three months to be a more reasonable notice period. By reversing this finding we must necessarily dismiss the first cause of action seeking an accounting for sales made after the one-month notice period, and upon which commissions were demanded. Since no sales were made to the third parties mentioned in the second and third causes of action, the accounting already had on those causes of action has not prejudiced defendant, as no commissions were thereon awarded. Finally, the claim of tortious interference with business relations was not proved by plaintiff. Since defendant exercised its lawful right in terminating its contract, plaintiff had to show as a motivation, an intent to injure plaintiff, a heavier burden than merely showing defendant's desire to make more profit. (Cf. *Benton v Kennedy-Van Saun Mfg. & Eng. Corp.,* 2 AD2d 27, 29.) There is nothing to indicate that the relationship between the parties was a confidential one, much less that a confidence was violated in a per se wrongful manner. (Compare *A. S. Rampell, Inc. v Hyster Co.,* 3 NY2d 369, 380.) Nor was there any finding below that plaintiff's business reputation had been impaired or that plaintiff had sustained actual losses or lost business opportunities because of defendant's action. Accordingly, plaintiff's sixth cause of action must fall and the judgment upon it (and the first cause of action, for an accounting of commissions) must be vacated. Although perhaps in part mooted by the absence of sales to the other third parties (causes of action two and three), we dismiss the complaint in whole to remove whatever cloud of liability might otherwise be implied. Concur — Kupferman, J. P., Sandler, Carro, Asch and Fein, JJ.