■ BETTER LIVING NOW, INC., Appellant, v IMAGE TOO, INC., Respondent. [889 NYS2d 653]—

In an action for a judgment declaring that the parties' agreement had been lawfully terminated and was of no further force and effect, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), entered March 24, 2009, which denied its motion, in effect, for summary judgment on the complaint, and, in effect, searched the record and awarded

summary judgment to the defendant declaring that the agreement between the parties was not lawfully terminated and remains in full force and effect.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the agreement between the parties was not lawfully terminated and remains in full force and effect.

The parties entered into a "Commission Agreement" (hereinafter the agreement) dated December 6, 1996, whereby the defendant was to receive commissions from the plaintiff for introducing the plaintiff to the "Other Party." The agreement provided that, in exchange for this introduction, the plaintiff agreed to pay the defendant 5% of the monthly billing generated from sales to the "Other Party" for the first 12-month period after the agreement became effective and "4% of each Billing Amount thereafter." The plaintiff sent the defendant a letter dated March 28, 2008, providing the defendant with 90 days notice that it intended to terminate the agreement. Thereafter, the plaintiff commenced the instant action for a judgment declaring that the agreement between the parties had been lawfully terminated and was of no further force and effect. The Supreme Court denied the plaintiff's motion, in effect, for summary judgment on the complaint, and, in effect, searched the record and awarded summary judgment to the defendant declaring that the agreement was not lawfully terminated and remains in full force and effect. We affirm.

An agreement set forth in clear, concise terms should be enforced according to those terms (see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]). The court must read the agreement as a whole so as not to place undue emphasis on certain words and terms, and must be careful not to distort the meaning of the terms so as to create a new contract between the parties (see Bailey v Fish & Neave, 8 NY3d 523, 528 [2007]).

Contracts containing no definite term of duration are terminable at will (see Double Fortune Prop. Invs. Corp. v Gordon, 55 AD3d 406 [2008]). Unless a contract expressly provides for perpetual performance, the "law will not imply that a contract calling for continuing performance is perpetual in duration" (Haines v City of New York, 41 NY2d 769, 772 [1977]). Moreover, "[i]n the absence of an express term fixing the duration of a contract, the courts may inquire into the intent of the parties and supply the missing term if a duration may be fairly and reasonably fixed by the surrounding circumstances and the parties' intent" (Haines v City of New York, 41 NY2d at 772).

Further, a definite term of duration need not be relayed in express terms, and may be implied (*see Haines v City of New York*, 41 NY2d at 772; *Creative Foods Corp. v Chef Francisco*, 92 AD2d 462 [1983]). "[W]here a duration may be fairly and reasonably supplied by implication, a contract is not terminable at will" (*Haines v City of New York*, 41 NY2d at 772).

Here, the plaintiff failed to establish, as a matter of law, that the agreement was terminable at will. By fair implication, the duration of the parties' agreement was dependent upon the relationship between the plaintiff and the "Other Party," and the agreement could not be unilaterally terminated by the plaintiff (*see Muzak Corp. v Hotel Taft Corp.*, 1 NY2d 42 [1956]). Under the terms of the agreement, so long as the plaintiff and the "Other Party" continue their relationship, the agreement is valid and binding (*see Martocci v Greater N.Y. Brewery, Inc.*, 301 NY 57 [1950]; *Cammack v Slattery & Bro.*, 241 NY 39 [1925]; *see also Warner-Lambert Pharm. Co. v John J. Reynolds, Inc.*, 178 F Supp 655 [1959], *affd* 280 F2d 197 [1960]). Accordingly, the Supreme Court properly denied the plaintiff's motion, in effect, for summary judgment on the complaint, and properly, in effect, searched the record and awarded summary judgment to the defendant declaring that the agreement was not lawfully terminated and remains in full force and effect.

The plaintiff's remaining contention is without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the agreement was not lawfully terminated and remains in full force and effect (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Fisher, Belen and Austin, JJ., concur.