■ GERALD W. BENNETT et al., Plaintiffs, and ALAN M. WUNDERLICH, Doing Business as NUCLEAR LABORATORY SERVICES, Respondent, v ATOMIC PRODUCTS CORPORATION et al., Appellants. [18 NYS3d 443]—

In an action to recover damages for breach of contract, the defendants appeal from so much of a judgment of the Supreme Court, Suffolk County (LaSalle, J.), entered December 10, 2013, as, upon a decision of the same court dated September 25, 2013, made after a nonjury trial, is in favor of the plaintiff Alan M. Wunderlich, doing business as Nuclear Laboratory Services, on the fourth and fifth causes of action and against them in the principal sum of $382,047.07.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff Alan M. Wunderlich, doing business as Nuclear Laboratory Services (hereinafter Wunderlich), developed certain medical equipment for the defendant Atomic Products Corporation and its successor in interest, the defendant Biodex Medical Systems, Inc. (hereinafter together Atomic), pursuant to (1) an oral agreement entered into in 1979 between Wunderlich and Atomic, (2) a memorandum signed by Atomic's president on April 19, 1979, acknowledging the receipt of certain prototypes and that those items were given to Atomic for "time + a % of gross sales as noted," (3) a subsequent oral agreement entered into in 1984 between Wunderlich and Atomic, and (4) a memorandum signed by Wunderlich on October 31, 1984, listing additional prototypes for which a percentage of gross sales were to be paid. The agreements did not expressly state when the percentage payments would stop. Atomic paid Wunderlich the agreed-upon percentages of gross sales for the products listed in the agreements through December 31, 1991, making the last payment therefor in March 1992.

Thereafter, the plaintiffs commenced this action against Atomic based on theories of breach of contract, seeking to recover percentage payments allegedly due and owing. Wunderlich alleged that, pursuant to their agreement, Atomic was required to make the percentage payments to Wunderlich for as long as Atomic sold the designated products. Atomic, however, understood their agreement to contemplate the continuation of percentage payments only as long as Wunderlich provided consulting services to Atomic. After a nonjury trial, the Supreme Court, inter alia, entered a judgment in favor of Wunderlich on the fourth and fifth causes of action and against Atomic in the principal sum of $382,047.07. Atomic appeals.

Contracts containing no definite term of duration are terminable at will (see Better Living Now, Inc. v Image Too, Inc., 67 AD3d 940, 941 [2009]; Double Fortune Prop. Invs. Corp. v Gordon, 55 AD3d 406 [2008]; Interweb, Inc. v iPayment, Inc., 12 AD3d 164, 165 [2004]). A definite term of duration need not be relayed in express terms, and may be implied (see Haines v City of New York, 41 NY2d 769, 772 [1977]; Creative Foods Corp. v Chef Francisco, 92 AD2d 462 [1983]), and "where a duration may be fairly and reasonably supplied by implication, a contract is not terminable at will" (Haines v City of New York, 41 NY2d at 772). "In the absence of an express term fixing the duration of a contract, the courts may inquire into the

intent of the parties and supply the missing term if a duration may be fairly and reasonably fixed by the surrounding circumstances and the parties' intent" (*id.*; *see Better Living Now, Inc. v Image Too, Inc.*, 67 AD3d at 941).

"In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony" (*Palombo Group v Poughkeepsie City Sch. Dist.*, 125 AD3d 620, 621 [2015] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations (*see Fire Is. Real Estate, Inc. v Coldwell Banker Residential Brokerage*, 131 AD3d 507 [2015]; *Gomez v Eleni, LLC*, 122 AD3d 797, 798 [2014]).

Here, the Supreme Court correctly determined that, by fair implication, the duration of the parties' agreements was dependent upon the continued sale of the products designated in the subject agreements and, thus, the agreements could be terminated only upon Atomic's discontinuation of the sale of the designated products.

According to the trial testimony of Atomic's president, James Reiss, Wunderlich's consulting services were terminated at the end of 1991 due to Atomic's financial difficulties. Wunderlich, however, testified that his consulting services were terminated for all intents and purposes at or near the end of August 1990, when Reiss informed him that Atomic would no longer be able to pay Wunderlich's weekly retainer and that Reiss would call Wunderlich if he needed him for any future consulting work. Wunderlich further testified that he was asked to do approximately five or six projects for Atomic after August 1990, and the last project that he performed for Atomic was on April 22, 1992.

Although Wunderlich testified that he was no longer performing services for Atomic as of August 1990, the record shows that he was nevertheless paid a sales percentage for the designated products through December 31, 1991. Although Atomic maintains that Wunderlich was still employed as a consultant for Atomic until April 1992, the record shows that Wunderlich was not paid the sales percentages due for the first quarter of 1992. Regardless of which version is credited, this evidence demonstrates that Atomic could not have understood

or intended that Wunderlich's percentage payments would be contingent upon his employment, as Atomic either continued to make percentage payments to Wunderlich after he stopped working for Atomic or failed to make such payments to him although he was still so employed.

In addition, contrary to Atomic's contention, it failed to establish that it had a custom and practice of only paying royalties to consultants while they were providing consulting services to Atomic, and it failed to provide evidence of an industry custom indicating that the subject agreements should be read to mean that the percentage payments continued only as long as Wunderlich provided consulting services to Atomic (*cf. 407 E. 61st Garage v Savoy Fifth Ave. Corp.*, 23 NY2d 275, 281 [1968]; *Columbia Artists Mgt., LLC v Swenson & Burnakus, Inc.*, 2010 WL 1379737, \*2, 2010 US Dist LEXIS 32879, \*4-5 [SD NY, Mar. 3, 2010, No. 05-Civ-7314 (LBS)]).

Accordingly, the record supports the Supreme Court's determination that the subject agreements must be construed as requiring Atomic to continue making the percentage payments to Wunderlich for as long as Atomic continued to sell the designated products. Therefore, the judgment insofar as appealed from should not be disturbed. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.

––––––––––

Motion by the respondent for this Court to take judicial notice of a prior decision and order of this Court dated June 15, 2010, which determined an appeal from an order of the Supreme Court, Suffolk County, dated June 10, 2009, and the record on that appeal, and to strike the appellants' brief or stated portions thereof on the ground that those portions of the brief raise issues that were determined in the prior appeal. By decision and order on motion of this Court dated August 27, 2014, that branch of the motion which was to strike the appellants' brief or stated portions thereof was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof, that branch of the motion which was for this Court to take judicial notice of a prior decision and order of this Court dated June 15, 2010, and the record on that appeal was denied as unnecessary, and the motion was otherwise denied.

Upon papers filed in support of the motion and the papers filed in opposition or relation thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to strike

the appellants' brief or stated portions thereof is denied. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.