Cohen v Kalfa (2019 NY Slip Op 02060)





Cohen v Kalfa


2019 NY Slip Op 02060


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-11581
 (Index No. 26327/09)

[*1]Jess Cohen, respondent, 
v
Eli Kalfa, et al., appellants.


Law Offices of Jay S. Markowitz, P.C., Williston Park, NY, for appellants.
Jeffrey Rosenberg, Garden City, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Nassau County (Thomas V. Dana, Ct. Atty. Ref.), entered December 23, 2015. The judgment, after a nonjury trial, is in favor of the plaintiff and against the defendants in the principal sum of $148,405.50.
ORDERED that the judgment is affirmed, with costs.
The defendants appeal from a judgment against them, entered after a nonjury trial, in the principal sum of $148,405.50, which was found to be owed pursuant to certain agreements the defendants had with the plaintiff pertaining to real estate investments.
Contrary to the defendants' contention, the Supreme Court did not improvidently grant the plaintiff's application to conform the pleadings to the proof (see CPLR 3025[b], [c]; Murray v New York, 43 NY2d 400, 405).
The authority of this Court is as broad as that of the trial court, and in reviewing a judgment rendered after a nonjury trial, we may render the judgment we find warranted by the facts, taking into account in a close case, that the trial judge had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Bennett v Atomic Prods. Corp., 132 AD3d 928, 930). We find no basis to disturb the Supreme Court's determination in this matter.
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court