Moshell v Alter (2020 NY Slip Op 04550)





Moshell v Alter


2020 NY Slip Op 04550


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-08895
 (Index No. 16381/11)

[*1]Yuri Moshell, et al., respondents, 
v
David Alter, et al., defendants, Martine Alter, appellant.


Arnold S. Kronick, White Plains, NY, for appellant.
Gleich, Farkas & Emouna LLP, Great Neck, NY (Lawrence W. Farkas of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover the proceeds of alleged loans, the defendant Martine Alter appeals from a judgment of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), dated July 5, 2017. The judgment, upon a decision of the same court dated May 1, 2017, made after a nonjury trial, is in favor of the plaintiffs and against the defendant Martine Alter in the principal sum of $242,300.
ORDERED that the judgment is affirmed, with costs.
The plaintiffs commenced this action seeking to recover funds that they provided to the defendants on two occasions in connection with real estate transactions in Florida and South Africa. Following a nonjury trial, the Supreme Court determined, with respect to the Florida transaction, that the plaintiffs provided the funds to the defendant Martine Alter (hereinafter the defendant) in furtherance of a joint venture. The court found that the defendant breached her fiduciary duty to the plaintiffs, and that the plaintiffs were entitled to the balance of their investment. In addition, the court concluded that the defendant breached her obligation to repay the plaintiffs in connection with the transaction in South Africa. A judgment was subsequently issued in favor of the plaintiffs and against the defendant in the principal sum of $242,300. The defendant appeals.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and the Appellate Division may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (Parr v Ronkonkoma Realty Venture I, LLC, 65 AD3d 1199, 1201; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Bennett v Atomic Prods. Corp., 132 AD3d 928, 930). Here, the Supreme Court's determinations regarding the transactions at issue rested largely on its assessment of the evidence before it and the credibility of the witnesses. The court's findings were warranted by the facts, and, therefore, will not be disturbed (see Fiore v DeGina, 176 AD3d 676, 678; Mears v Long, 173 AD3d 734, 735).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court