McCabe v Command Fin. Press Corp. (2021 NY Slip Op 02753)





McCabe v Command Fin. Press Corp.


2021 NY Slip Op 02753


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Index No. 655649/17 Appeal No. 13759 Case No. 2020-04413 

[*1]Peter McCabe, Plaintiff-Appellant,
v
Command Financial Press Corporation, Defendant-Respondent.


Cozen O'Connor, New York (Rachel H. Bevans of counsel), for appellant.
Donnelly Minter & Kelly, LLC, New York (Jared J. Limbach of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovitz, J.), entered July 20, 2020, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the claim that plaintiff is entitled to post-employment commissions, unanimously affirmed, without costs.
Section 4(b) of the parties' employment agreement unambiguously provides that plaintiff was entitled to certain commissions during the course of his employment with defendant. Nothing in this section indicates that plaintiff would be paid such commissions for the rest of his life. Contrary to plaintiff's contentions, "[u]nless a contract expressly provides for perpetual performance, the law will not imply that a contract calling for continuing performance is perpetual in duration" (Better Living Now, Inc. v Image Too, Inc., 67 AD3d 940, 941 [2d Dept 2009], quoting Haines v City of New York, 41 NY2d 769, 772 [1977] [internal quotation marks omitted]).
In contrast to Section 4, Section 8 of the agreement expressly relates to commissions owed "in the event of the termination or expiration of [plaintiff's] employment" and indeed limits any post-employment commission to three years after the termination (see Bombay Realty Corp. v Magna Carta, 100 NY2d 124, 127 [2003];
Yonkers Contr. Co., Inc. v Romano Enters. of N.Y., Inc., 40 AD3d 629 [2d Dept 2007]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021