**Sungate Partners, Inc. v Titus**

2024 NY Slip Op 31159(U)

April 5, 2024

Supreme Court, New York County

Docket Number: Index No. 651695/2020

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. DEBRA A. JAMES**                   PART   59

*Justice*

-----------------------------------------------------------------------------X

SUNGATE PARTNERS, INC.,

Plaintiff,

- v -

MATT TITUS and WEAPONS OF SEDUCTION, LLC,

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651695/2020 |
| MOTION DATE | 01/03/2022 |
| MOTION SEQ. NO. | 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137

were read on this motion to/for                  SUMMARY JUDGMENT (AFTER JOINDER)         .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 138

were read on this motion to/for                  JUDGMENT - SUMMARY         .

ORDER

Upon the foregoing documents, it is

ORDERED that the motion of the defendants Matt Titus and Weapons of Seduction, LLC for summary judgment dismissing the complaint (motion sequence number 004) is DENIED; and it is further

ORDERED that the motion of plaintiff Sungate Partners, Inc, for summary judgment in its favor against defendants (motion sequence number 003), as to liability only, is GRANTED; and it is further

**651695/2020   SUNGATE PARTNERS, INC. vs. TITUS, MATT**
**Motion No.  003 004**

**Page 1 of 6**

[* 1]

ORDERED that an assessment of damages, including reasonable attorneys' fees, against defendants Matt Titus and Weapons of Seduction, LLC, is directed, and it is further

ORDERED that a copy of this order with notice of entry be served by the movant upon the Clerk of the General Clerk's Office, who is directed, upon the filing of a note of issue and a certificate of readiness and the payment of proper fees, if any, to place this action on the appropriate trial calendar for the assessment hereinabove directed; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website.

## DECISION

This action arises from an agreement between the plaintiff Sungate Partners, Inc ("Sungate"), and defendants Matt Titus ("Titus") and Weapons of Seduction, LLC ("Weapons") for licensing and other services (the "Contract"). (NYSCEF Doc. No. 66.) Sungate commenced this action alleging that the defendants have breached the Contract by failing to pay the amounts due thereunder.

The Contract provides that Sungate is engaged by the defendants as the exclusive global licensing agent for the defendants and their various related brands in exchange for a 25%

**651695/2020   SUNGATE PARTNERS, INC. vs. TITUS, MATT**
**Motion No.  003 004**

**Page 2 of 6**

2 of 6

[* 2]

commission on any proceeds derived from prospects introduced or procured by Sungate. (NYSCEF Document Number 66).

The instant action concerns on-air spokesperson engagements that Titus obtained from Viatek Consumer Products Group ("Viatek"), a third-party undisputedly introduced by Sungate to defendants.

The defendants contend that the Contract pertains only to licensing engagements that were procured by Sungate, and excludes service engagements, such as Titus' on-air spokesperson engagements with Viatek because the Contract states that Sungate was retained as the defendants' "exclusive licensing representative" and because Sungate was to be paid "Royalties".

This court disagrees. The Contract unambiguously provides that Sungate will "seek out prospects for licenses, joint venture, sales or other means ("Prospects") for the commercial exploitation our brand names, trademarks, servicemarks, trade names, designs, images, likeness and derivatives thereof." (Id at ¶ 1). In exchange, Sungate shall receive "Royalties", which is also broadly defined as "consideration payable with respect" to any agreement executed with a Prospect. Under the terms of the Contract, Sungate receives the Royalties, deducts its 25% commission, and remits the remainder to the defendants. (Id at ¶ 2).

To accept the defendants' interpretation of the Contract would require this court to completely ignore the broad language

**651695/2020   SUNGATE PARTNERS, INC. vs. TITUS, MATT**                                              **Page 3 of 6**
**Motion No.  003 004**

3 of 6

[* 3]

in the Contract defining the scope of work and the compensation and give weight solely to the general terms "licensing representative" and "Royalties" to conclude that the Contract was limited to licensing transactions. However, controlling precedent holds that

> "The court must read the agreement as a whole so as not to place undue emphasis on certain words and terms, and must be careful not to distort the meaning of the terms so as to create a new contract between the parties."

Better Living Now, Inc v Image Too, Inc, 67 AD3d 940, 941 (2d Dept 2009).

The language of the Contract further supports a determination that Sungate was engaged to service Titus' personal brand, as the Contract clearly states that Titus is the owner of the "'Matt Titus' brands and other related trademarks and copyrights". Id

Between 2016 and 2019, Sungate received Royalties on the revenue Titus earned from Viatek's on-air spokesperson engagements, and deducted its 25% commission, and remitted the remainder to the defendants as required under the Contract. In May 2019, Sungate ceased receiving any Royalties, which were paid to Titus, directly, or to an entity Titus controlled, defendants claiming that the payments were in error, and that Sungate was not entitled to those commissions. However, as this court finds no ambiguity in the terms of the contract, the parties' course of conduct may not be considered [compare Matter of Bank of New York

**651695/2020   SUNGATE PARTNERS, INC. vs. TITUS, MATT**
**Motion No.  003 004**

**Page 4 of 6**

4 of 6

[* 4]

<u>Mellon v BlackRock Financial Management, Inc</u>, 202 AD3d 465 (1st Dept 2022)]. However, assuming arguendo, there was such ambiguity, the parties' course of conduct accords with Sungate's interpretation of the Contract.

Typically, disputes of this nature relate to the obligation to pay commissions after termination. <u>See</u> <u>McCabe v Command Fin. Press Corp.</u>, 194 AD3d 418, 419 (1st Dept 2021) and <u>Arbeeny v Kennedy Exec. Search, Inc.</u>, 71 AD3d 177, 181 (1st Dept 2010). However, despite the defendants admitted displeasure with Sungate's performance, there is no evidence that the defendants ever terminated the Contract. Consequently, the obligations memorialized therein remain valid and enforceable.

The defendants' argument that Sungate is operating as an unlicensed theatrical employment agency is unavailing as the defendants fail to establish that Sungate's procurement of employment for Titus was not incidental in the face of the ample evidence to the contrary. As set forth in <u>Gen. Bus. Law</u> § 171(8):

> "Theatrical employment agency. . . does not include the business of managing entertainments, exhibitions or performances, or the artists or attractions constituting the same, where such business only incidentally involves the seeking of employment therefor".

**651695/2020   SUNGATE PARTNERS, INC. vs. TITUS, MATT**                              **Page 5 of 6**
**Motion No.  003 004**

5 of 6

Finally, under the terms of the Contract, Sungate, as the prevailing party, is entitled to recover reasonable attorney's fees and expenses incurred in the enforcement of the Contract. (Id, ¶ 7).

20240405174549DJAMESF313DCB7273F477A9784F6B1DBDC2D40

| 4/5/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **DEBRA A. JAMES, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651695/2020 SUNGATE PARTNERS, INC. vs. TITUS, MATT**
**Motion No. 003 004**

Page 6 of 6

6 of 6